## HOWELL *a.* KNICKERBOCKER LIFE INSURANCE CO.

*New York Superior Court; General Term, June, 1865.*

### INSURANCE.—DEFAULT IN PREMIUM.

Where a policy of life insurance provides that it may be continued from year to year if the premiums be paid on or before specified days, such payment is a condition precedent to the continuing of the policy.

Parol evidence, of a usage or agreement on the part of the insurer to receive payment of premiums after the day upon which they were due, will not suffice to vary the written contract.

The fact that on a day on which a premium became due, the insured received his death-stroke by a disease from which he died on the day following, does not alter the case. The insurers are not liable in such case, unless a tender of the premium, on the day on which it became due, or at least before the death of the insured, is proved.

Appeal from a judgment.

This action was brought by the widow of George H. Howell, to recover on a policy of insurance upon the life of her deceased husband, issued by the defendants. The facts are fully stated in the opinion of the court.

*S. P. Nash,* for the plaintiff.

*Wm. F. Allen,* for the defendants.

BY THE COURT.—McCUNN, J.—This is an action on a policy of insurance, on the life of George H. Howell. The policy was effected by his wife, and was in the ordinary form, and for one year, but could be renewed annually for life, if on the 15th of July in each year the premium was paid.

On the 15th of July, 1864, the annual premium became due, and was not paid; and on that day the life so insured was seized with apoplexy, and on the 16th, the day following, Mr. Howell died; and some days after, the premium was tendered to the

company, and they refused to receive it, and this action is brought to recover the amount of the policy.

In this case, it is only material to consider whether at the time of the death of the life insured, the policy had not expired, because, if the policy had expired at the time, the plaintiff cannot recover.

The insurance was for one year, and it was agreed that it should be continued or renewed from time to time until the decease of Mr. Howell; provided always that the life insured, or those interested in that life, should pay or cause to be paid annually to the company, on or before the 15th day of July, in each year, the sum of $138.50; and one of the conditions annexed to the policy was, that no insurance, whether original or a renewal by receipt, should be binding on the company until the actual payment of the premium; and the whole frame of the policy shows that every premium must be paid during the life of the insured: indeed, the agreement and consideration for the insurance is the payment of the yearly premium to be paid during the life of Mr. Howell, and the risk insured against is Mr. Howell's death. It is contended, on the part of the plaintiff, that on the 15th day of July, the day on which Mr. Howell was stricken with apoplexy, he received his death-wound or mortal stroke, and that he was then dead to all intents and purposes. This cannot be, because Mr. Howell was alive and died on the 16th; and it will not be contended that if Mr. Howell, after apoplexy had seized him, had lingered for months, and the policy had not been renewed by the payment of the premium, that the parties for whose benefit the policy was effected could have recovered; and the rule is as strict with a day of neglect as with a year. If they could not renew after the lapse of a year, they could not after the lapse of a day, without the consent of the company. Something has been said about an agreement on the part of the company with the deceased, to the effect that days of grace would be allowed if the premium was not paid on the day it became due. I can find no such agreement in the case; on the contrary, the complaint alleges that the yearly premiums were all paid promptly on the 15th day of July in each and every year, agreeably to the terms of the policy.

It is true there is evidence introduced to the effect that the

company, in dealing with other persons, allowed days of grace within which to pay the annual premium beyond the time fixed by the policies, and that, in accordance with that custom, they had been in the habit in some cases of receiving premiums after the days fixed; and that it was understood and agreed verbally between Mr. Howell and the company, at the time the insurance was effected, that, if any thing should happen to him to prevent his paying the premium on the day it became due, the policy should not become null and void. This evidence was objected to, and should have been excluded; but even if it had not been objected to, it would not help the plaintiff's case. No verbal agreement or understanding of any kind can vary the terms of the policy (Tarlton a. Staniforth, 5 *Term R.*, 695; Pritchard a. The M. & T. Mutual Life Insurance Society, 3 *Com. Bench, N. S.*, 622; Buckbee a. The United States Ins. Co., 18 *Barb.*, 541); and the custom of the company or their verbal agreement, if any there was, only extended to lives in being; it could not, and was not not intended to apply to premiums offered to be paid after the death of the insured. In the case of Prichard a. The Merchants' Life Insurance Company, where the insured had thirty days after the date fixed in the policy for the paying of the same, and the life insured died before the thirty days of grace had expired, it was held by the full bench that the parties interested in the policy, even where the premium was paid and accepted within the thirty days, could not recover.

In the case of Ruse (23 *N. Y.*, 516), Judge SELDEN says: "It is plain that, if we are to look to the policy alone, as containing the contract between the parties, the obligation of the defendant ceases upon the failure of the plaintiff to pay the annual premium" on the day fixed in the policy for such payment. The policy under consideration is almost similar to the one passed upon by that learned judge, and nothing can be more explicit on the subject of paying the annual premium than the language of the clause of the policy under consideration, and no verbal understanding can vary it. The cases of Wood a. Worsley (2 *H. Blackst.*, 574); Nightingale a. The State Mutual & Ins. Co. (5 *Rhode I.*, 38); Want a. Blunt (12 *East*, 183); Simpson a. The Accidental Death Ins. Co. (2 *C. B., N. S.*, 257), and numerous other American and English cases, can be cited in

support of this doctrine, and I have been unable to find in any of the books a single case tending in the slightest degree to shake this rule.

The conditions imposed by the policy arise from the contract between the parties; they are not conditions imposed by law—they are conditions precedent; and, therefore, strict performance can only be excused by consent, or by some act of the defendant. (Pike *a.* Butler, 4 *N. Y.*, 360; 1 *H. Blackst.*, 433; Harmony *a.* Bingham, 12 *N. Y.* (2 *Kern.*), 99; Weston *a.* Collins, 12 *Law Times, N. S.*, 5.)

It is, therefore, clear that the payment of the premium, on or before the 15th day of July, was a condition precedent to the renewal or continuing of the policy; and that, before a recovery can be had on this policy, the parties seeking such relief are bound to prove all the conditions contained therein, and especially the condition requiring the payment of the premium on the 15th of July, the day on which it became due, or at least the payment of the same before the death of Mr. Howell (12 *East*, 191).

For these reasons, we are of opinion that the death of Mr. Howell, which happened on the 16th of July, 1864, was during a period of time not covered by the policy; and that, under a fair construction of the same, the insurance could not be continued beyond the day on which the annual premium was payable, which was on the 15th of July, 1864, and was not revived or renewed by a tender of the premium after his death, though within two or three days after the date upon which the premium was payable.

Judgment reversed, and new trial ordered, with costs.

Robertson, Ch. J., and Garvin, J., concurred.