# Helme *versus* The Philadelphia Life Insurance Company.

61　107
128　567

61　107
139　559

61　107
38SC　6395
f38SC　6601

61　107
f227　2570

1. Generally a contract is the law of the transaction and is not to be affected by anything but its terms, but there are cases in which its execution may be curtailed by custom.

2. Custom, as a general rule, may not be heard to affect the terms of a statute nor a contract to the extent of enlarging or abridging the force of it, but may interpret either.

3. A policy of life insurance in which the premiums were payable on specified days, was issued to plaintiff, with a clause of forfeiture in case of non-payment at the day. The policy was forfeited for such non-payment. In an action to recover the paid premiums evidence was admissible to show that it was the custom amongst insurance companies to receive premiums within thirty days after due, if the assured was in his usual health.

4. If it was the practice of the company to give notice before each premium was due and omitted on the occasion for which a policy was forfeited, or if the company so dealt with the assured as to induce a belief that the clause of forfeiture would not be insisted on, &c., and thus put the assured off his guard, the company cannot take advantage of a default which they encouraged.

5. A company may waive defective compliance with the rules of insurance.

6. Forfeitures are odious and are enforced only where there is the clearest evidence that *that was* what was meant by the stipulations of the parties.

7. There must be no cast of management or trickery to entrap a party into a forfeiture.

February 16th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 295, to January Term 1868.

[Helme *v.* Philadelphia Life Insurance Co.]

This was an action of assumpsit to September Term 1867, brought by Georgiana Helme against The Philadelphia Life Insurance Company, to recover premiums paid on a life insurance policy, on the ground that the policy had been wrongfully forfeited. The declaration contained a special count, averring a waiver of the clause of forfeiture in the policy, and alleging as the breach the refusal to receive premiums and declaring the policy forfeited. It contained also the common counts.

The policy was dated December 31st 1850, to Mrs. Helme, for $1000 on her life. The annual premium was $34.24, payable in quarterly payments of $8.56 on the last days of December, March, June and September in each year. The policy contained this clause: " In case the said Georgiana Helme shall not pay the said annual, semi-annual or quarterly payments hereinbefore mentioned on or before the several days appointed as aforesaid for the payment of the same, then and in every such case the said company shall not be liable to the payment of the sum insured, or any part thereof, and this policy shall cease and determine. And it is further agreed, that in every case where this policy shall cease and determine, or become null or void (except in case of death), all previous payments made thereon shall be forfeited to the said company."

On the trial the plaintiff called her son, William Helme, who testified that on the 8th of July 1867, he tendered at the office of the company the premium due June 30th, and stated that his mother was in good health and was willing to undergo at her own expense, re-examination by a physician. The money was declined. He went again on the 30th of September to the office of the company, Mr. Birkhead the treasurer and Mr. Blackburn the secretary being present, and tendered both payments, which were declined. Witness told them that they having received premiums several times after they were due, ought to take it now; they declined to receive it, and said they would forfeit the policy. They said they knew they had received premiums in that way, but had now decided not to take them. He also gave evidence that on former occasions notice had been given to the plaintiff before the premiums became due, but that they had not done so with regard to the premium of July.

Georgiana Helme, a daughter of plaintiff, testified that she had made payments of premiums several times after they were due, and they had been received. On one occasion when the premium was overdue, the treasurer said that in case of her mother's death she ran great risk in letting it run over the time; the risk of death was the only one spoken of.

The plaintiff offered also to prove that " it is the custom among insurance companies to receive premiums, if tendered at any time within thirty days of the time they fall due, provided the insured

[Helme v. Philadelphia Life Insurance Co.]

is in usual health, and that this is the custom among companies
issuing policies stipulating that non-payments of premiums at the
day shall be a forfeiture."

The offer was rejected and a bill of exceptions sealed for the
plaintiff. The plaintiff having closed her case, the court directed
a nonsuit to be entered.

She took a writ of error, and assigned for error the rejection
of the offer of evidence and ordering a nonsuit.

*R. P. White* (with whom was *G. H. Earle*), for the plaintiff in
error.—Provisions in a contract may be explained by known
customs: Bateman on Com'l. Law, § 154; Chaurand *v.* Au-
gustein, Peake's N. P. § 154; Noble *v.* Kennoway, Dougl. 492;
Buckley *v.* U. S. Insurance Co., 18 Barb. 541. Where an injury
under a contract can be compensated, equity will prevent the
enforcement of a forfeiture: Peachy *v.* Somerset, 3 L. C. in
Equity 669, 675; 2 Story's Eq. J., §§ 777, 1314–1316, and notes;
Ins. Co. *v.* Jenks, 5 Indiana (Porter) 96. If parties have pre-
viously dealt according to a particular custom, such custom may
be given in evidence to interpret the intention: Loring *v.* Gurney,
5 Pick. 15; Carroll *v.* Ins. Co., 38 Barb. 402; Trustees *v.* Ins.
Co., 18 Id. 69; Insurance Co. *v.* Lewis, 18 Ill. 553; Goit *v.*
Ins. Co., 25 Barb. 189; Ins. Co. *v.* Stauffer, 9 Casey 397.

*C. Gibbons*, for defendants in error.—Evidence of usage may
be admitted to explain what is doubtful, but not to contradict what
is plain: 3 Kent's Com. 260; 1 Greenleaf Ev. §§ 292, 295, and
note; Coxe *v.* Heisley, 7 Harris 243.

The opinion of the court was delivered, May 11th 1869, by

THOMPSON, C. J.—The plaintiff below offered on the trial to
prove a custom among life insurance companies, to allow thirty
days' grace for payment of premiums due, even where a clause of
forfeiture for non-payment on the day exists. The rejection of
the offer by the court forms the first bill of exceptions and assign-
ment of error, to be considered in this case.

It might have been a difficult thing to prove such a custom, but
that was not a good ground on which to refuse the offer. It was
the plaintiff's right to prove it if she could, and we are to take it,
for the purposes of this investigation, that she could have proved
it. Would it have been efficient proof for any purpose, had it been
admitted? We think it would, although generally a contract is
the law of the transaction in which it exists, and is not to be
affected by any thing but its terms; that is to say, it cannot be
abridged or enlarged in itself by anything else; yet there are
many cases in which its execution is materially curtailed by usage
or custom. A familiar instance are days of grace on commercial

paper. By a custom grown into law, it is not due until the expiration of three days after it purports to be, or rather the remedy is suspended against parties for that period. So in agriculture; although the lease may fix the duration of the term, and when it is to end, yet the tenant by custom has rights in the premises after it is ended, to harvest and carry away his share of what the custom calls the way-going crop: 5 Binn. 295; 2 S. & R. 14; 1 Dallas 201; 1 Smith's Leading Cases, 6th ed. 470. This custom seems to do more than curtail the remedy, it in fact enlarges the contract. But no custom is more perfectly established, or more thoroughly stands on a solid foundation as law. There are customs which interpret marine contracts to the extent of apparent changes in them. In Peake's Nisi Prius 43, in the case of Chaurand *v.* Augustein, it was shown that by custom a stipulation in a policy of insurance, that a vessel was to sail in October, meant that she was to sail between the 25th of the month and the 1st or 2d of November. While a custom as a general rule, may not be heard to affect the terms of a statute, nor a contract, to the extent of enlarging or abridging the force of it, yet it may interpret either: Rapp *v.* Palmer, 3 Watts 178.

The offer in this case was to curtail the generality of the clause of forfeiture in the policy in case of non-payment of the premiums at the day, and to show that a forfeiture was not demandable at the day, nor at all, if paid within thirty days. If the plaintiff could have established this as a custom, her case would on this point have been clear of difficulty, for the testimony was, that she had tendered the premium for the non-payment of which the forfeiture was claimed, once, and perhaps twice, within thirty days after it was due by the terms of the policy. We do not know whether there is or is not such a custom. That is not our question at this time, the plaintiff offered to prove it, and the offered testimony should have been admitted in our opinion. This error, therefore, is sustained.

Besides this, we think there was evidence in the case for the jury in other aspects of it. If it was the practice of the company to notify the plaintiff of the times her premiums were due and payable, and omitted on the occasion of the default; or if they so dealt with her as to induce a belief that the clause of forfeiture would not be insisted on in her case, in case of a dereliction of payment at the day, and it was declared that the only risk she ran in not paying at the precise time, was death occurring in the interval of non-payment of overdue premiums, and thus put her off her guard, they ought not to be permitted to take advantage of a default which they may themselves have encouraged. That was an aspect of the case in proof upon which the jury should have been allowed to pass. In transactions of this nature, it is easy to mislead by a pretence of liberality, if followed by entire strictness

[Helme *v.* Philadelphia Life Insurance Co.]

in practice, and the only cure for this is the inquiry by the jury whether the party has been misled by the former. If so, it is a fraud upon the party's rights which ought to be condemned and redressed. The cases of Buckley *v.* The United States Ins. Co., 18 Barb. 541, and Reese *v.* Ins. Co., 26 Id. 556, strongly sustain this view. In this manner a waiver of strictness may take place, and it is not to be doubted that the company may waive defective compliance with the rules of insurance: 9 Casey 397; 2 Watts 280; 4 Id. 311; 5 Id. 161; 7 Id. 350; 8 Id. 259; 10 Id. 323. Forfeitures are odious in law, and are enforced only where there is the clearest evidence that that was what was meant by the stipulations of the parties. There must be no cast of management or trickery to entrap the party into a forfeiture. If the strictness in this case was the result of a desire to wind up business, (and we learn the company did not exist long thereafter,) and it was adopted to avoid a return of premiums, the least which can be said of it is, that it was a most discreditable transaction. We do not know how this was. At the same time, it is singular, that absolute strictness should be required in paying premiums, if the company had it in contemplation to cease insuring and to return the premiums to parties who had regularly paid them, as they would be obliged to do. There is, undoubtedly, a comity, at least, extended to all insurers, in regard to the matter of paying premiums. No company would be worthy to receive the countenance of the public, which should establish a practice that would, for every little dereliction, forfeit the policies of the insured, even if it had the power.

We think the learned judge erred in awarding a nonsuit, as well as in rejecting the proposed testimony, and that the nonsuit must be set aside, and a *procedendo* awarded; which is done accordingly.