# Charleston.

## MASON v. CITIZENS' FIRE, MARINE, AND LIFE INSURANCE COMPANY.

Absent, JOHNSON, JUDGE).

Decided May 1, 1877.

1877.
January Term.

1. An adjustment by a fire insurance company of the loss resulting from the burning of insured property, or the acceptance of the premium after the loss, with full knowledge of all the facts, or even the mere delivery of the policy before the payment of the premium, is a waiver of a right to insist on a provision in the policy that the company shall not be liable until the premium therefor be actually paid.

2. A letter from the secretary of such a company to the assured after proof of loss has been furnished the company, in which he proposes for the company to pay one-fifth of the loss proved, saying that for the other four fifths the company was not responsible, as the company had but one-fifth of the entire insurance on the property when they issued their policy, is a waiver of any right to claim the benefit of a provision requiring the assured before he could have a right to enforce the policy, to furnish proof in a certain manner to the company of the amount of the loss, and also a certificate of a notary public of certain facts in connection with the loss arising from the fire.

This was a *supersedeas* allowed upon the petition of the defendant below, to a judgment rendered by the circuit court of Kanawha county, on the 30th day of June, 1876, in an action in said court then pending in which Nicholas Mason was plaintiff, and the Citizens' Fire, Marine and Life Insurance Company, was defendant.

GREEN, PRESIDENT, who delivered the opinion of the Court, give a sufficient statement of the case.

Hon. Joseph Smith, Judge of seventh judicial circuit, rendered the judgment below.

1877.
January Term.

Mason
v.
Citizens' Fire, Marine and Life Insurance Company.

W. H. Hogeman, for plaintiff in error and defendant below, referred to the following authorities in his brief filed:

Mulrey v. Insurance Company, 4 Allen, (Mass.) 116; Muhleman v. Insurance Company, 6 W. Va., 523; Bradley v. Insurance Company, 32 Md., 108; May on Insurance, 340, 341, 359; Pitt v. Insurance Company, 100 Mass., 500; Sheldon v. Insurance Company, 26 N. Y., 460; Baker v. Insurance Company, 43 N. Y., 283; Insurance Company v. Smith, 3 Whar., 520; Bergson v. Insurance Company, 38 Cal., 541; Roberts v. Insurance Company, 2 Desney (Ohio), 106; Insurance Company v. Carpenter, 4 Wis., 32; 1 Phillips on Insurance, 416; 2 Denio, 75, 81; 5 Denio, 326; 6 Wend., 488; Wall v. Insurance Company, 36 N. Y., 157; 6 Rob. Pr., 283; Insurance Company v. Winslow, 3 Gray, 432; Blanchard v. Insurance Company, 33 N. H., 13; Noonan v. Hartford Insurance Company, 21 Mo., 81; Insuranee Company, v. Newton, 22 Wall., 32.

Smith & Knight, Mollohan & Fontain, for plaintiff below and defendant in error. (See authorities cited by them in the preceding case of Levy v. Peabody Insurance Company).

GREEN, PRESIDENT, delivered the opinion of the Court.

Nicholas Mason, on the 27th of June, 1874, brought an action of assumpsit, in the circuit court of Kanawha county, against the Citizens' Fire, Marine, and Life Insurance Company, on a policy of insurance against fire, issued by the defendant to the plaintiff, on the 5th day of August, 1873, insuring the defendant to the amount of $1,000 for one year, against loss or damage by fire on his stock of wines, liquors, cigars, tobacco, glassware, stoneware, and confectionery, in a certain building in

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

Charleston, West Virginia, in which policy there was a recital that there was $4,000 of insurance elsewhere. The policy stated that it was issued in consideration of thirty dollars paid to the defendants, the receipt whereof was thereby acknowledged. The only clause in the policy necessary to notice specially, was a provision that "in case of any other insurance upon the property in said contract or policy described, whether made prior or subsequent to said contract or policy, the assured should be entitled to recover of the company no greater proportion of the loss sustained than the sum insured by said contract or policy bears to the whole amount insured on said property. On the return day of the writ the defendant filed a plea to the jurisdiction of the court in the same words as the plea to the jurisdiction filed in the cases of *Quarrier, trustee, &c., v. The Peabody Insurance Company,* and *Quarrier, trustee, &c. v. The Ætna Fire and Marine Insurance Company, of Wheeling,* decided at this term, which plea was, on motion of the plaintiff, stricken from the record. This was properly done for the reasons assigned in said cases before reported. The plaintiff's declaration contained three counts: First, a general count of *insimul computassent*; second, a special count on the policy of insurance, in which the policy is set forth at length; and third, a special count, which, in addition to the allegations in the second count, alleges that the plaintiff waived the particular account of the plaintiff's loss by said fire, signed and sworn to by the plaintiff, as required by said policy, and waived also the production by the plaintiff of the certificate of a magistrate, or notary public, under his hand and seal (as is required by said policy), stating in substance that he, the magistrate, or notary public, had examined the circumstances attending the loss; knew the character and circumstances of the assured, and the amount of the loss which he believed the assured had sustained without fraud on the part of the assured. The first count alleged that the duties imposed on the defendant by this provision

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

had been performed as required by the policy. Both counts allege that at the time of the fire there was no other insurance on the property, except the policy issued to the plaintiff, by the defendant, and that all the other insurance on the property mentioned in the policy had terminated, or been removed by the plaintiff from the property before the fire. There was a general demurrer to the declaration and to each count, which the court overruled. The plaintiff offered two special pleas, the first of which the court rejected, and exceptions were taken to this rejection. The first special plea was based on the provision of the policy above recited in reference to other insurance and was precisely similar to the like pleas in said cases above referred to, decided at this term of the Court, and it was properly rejected for the reasons assigned in the opinion of the Court in those cases. There is, apparently, no good objection to any of the counts in the declarations. The only one urged is that the special counts, though they state that the policy recited that there were when it issued $4,000 of other insurance on the property, and that these other insurance had terminated or been removed by the plaintiff from the property before the fire, yet each of these counts claims that the whole loss is to be borne by the defendant to the same extent as if these other policies never had an existence. The reason given for rejecting the special plea No. 1, shows that there was no error in the plaintiff's declaration in making this claim. The court, therefore, properly overruled the demurrer to the declaration and to each count. The defendant also filed a second special plea in which he alleged that the plaintiff before and at the time of the execution and delivery of the contract or policy had promised and agreed to pay to the defendant $30 as the consideration thereof and that he never had paid the same. This plea was sworn to by the defendant's secretary. Three replications were filed to this plea all of which were objected to, and the objections overruled, and bills of exceptions filed. The first of these

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

replications alleged that the plaintiff had before the fire delivered the policy for the purposes therein mentioned without demanding then or at any time prior to the loss prepayment of the premium. The second special replication alleged that after the fire and after the defendant had full knowledge of all the facts in his said special plea alleged and before the institution of this suit without insisting on the matters in this plea alleged, settled and adjusted, the plaintiff's said loss at $1,099.45. In consideration whereof the plaintiff agreed to accept the sum of $1,000 in full discharge of defendant's liability, and the third special replication alleges that after the happening of the loss in the declaration mentioned and after the defendant had full knowledge of the loss and before this suit was instituted the defendant accepted of the plaintiff the premium aforesaid; a fourth special replication was rejected by the court. The plaintiff also replied generally to the defendant's special plea an issue was joined and the defendant rejoined generally to the plaintiff's third special replications and issue was joined. The defendant also plead *non-assumpsit* to the plaintiff's declaration and issue was joined thereon. The jury who tried these issues assessed the plaintiff's damages at $1,125, subject to the opinion of the court on a demurrer to evidence, filed by the defendant. The court found that the evidence was sufficient in law, to maintain the issue joined on the part of the plaintiff, and rendered judgment for the plaintiff against the defendant for the amount of the damages assessed by the jury, $1,125, with interest on the same, from June 1, 1874, when this verdict was rendered, and his costs. A writ of error and *supersedeas* was awarded to the judgment.

The only question arising from the pleadings and exceptions to the filing of the special pleas not already decided by this Court at its present term in said cases, involves a consideration of the question, whether the prepayment of the premium can be waived by the defendant, and what acts constitute such waiver, the policy

having in it a provision that, "this company shall not be liable by virtue of this policy, until the premium therefor be actually paid."

It is well settled that if premium is not required to be paid in cash, but is payable at a future time, and there is a provision in the policy rendering it void, or terminating it if the premium is not paid promptly at maturity of premium note, or if the premium be recited on the face of the policy to have been paid in cash, but instead thereof, a note be taken which on its face declares the policy will become void if the note is not paid promptly at maturity, or if the policy on its face declare in such cases, that if any obligation for premium be not paid promptly, the policy in any such case shall terminate or be void, such provision of the policy will be enforced unless waived and the mere delivery of the policy is not a waiver by the company of such provision. *Muhleman v. National Insurance Company*, 6 W. Va., 508; *Bradley v. Potomac Fire Insurance Company*, 32 Mo., 108; *Pitt, adm'x. v. Berkshire Life Insurance Company*, 100 Mass,, 500; *Baker v. Union Life Insurance Company*, 43 N. Y., 283; *Bowditch Mutual Fire Insurance Company v. Winslow, et al.*, 3 Gray, Mass., 432. And in Massachusetts it has been held that though the premium be recited to be paid in cash to a *mutual* fire insurance company the policy on its face declaring that no insurance shall take effect till the premium is paid, yet if the premium has not actually been paid, the policy is void; but this decision was based upon the company being a mutual company and on its being held in Massachusetts that the officers of a mutual insurance company have no authority to waive a by-law or provision adopted by the members of the company for their mutual protection, the assured being always a member of such a company. The grounds of this decision render it inapplicable to the case before us. The Maryland case before cited, only decided that premium notes payable in future, must if required under penalty of forfeiture of the policy to be

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

paid promptly, such forfeiture would be enforced though the reasoning of the court would extend to failure to pay cash premiums. And in *Shelton v. The Atlantic Fire and Marine Insurance Company*, it was held that the acknowledgement in a fire policy of the receipt of the premium did not estop the insurer from showing it had not been paid, but in that case the policy was sent by mail with a statement that the premium charged was higher than usual, and saying, " should you decline the policy, please return it by mail; if you return it, please send me the premium." This was held not to be a waiver of prepayment, though the policy had in it a provision, " no insurance shall be considered as binding until the actual payment of the premium." These cases give some countenance to the idea that a delivering of a policy by a company does no waive necessarily, a provision in the policy declaring it invalid, unless the premium is actually paid. But the weight of authority, as well as sound reasoning, leads to the conclusion that the delivery of the policy to the assured is necessarily, a waiver of such a provision in the policy. Thus, in *Wood v. Poughkeepsie Mutual Insurance Company*, 32 N. Y., 619, it was decided that the condition of a policy of insurance that the instrument should not be binding until actual payment of the premium is waived by the company delivering the policy without exacting prepayment. But not if it is merely left for examination with the assured, if the party is required, if he concludes to accept the policy to prepay the premium. The assured if the policy is delivered to him, has a right to hold the company to its contract of insurance, despite this provision in the policy, but the company would have a right to sue for the premium despite the acknowledgment of the receipt. In *Bocken v. Williamsburg Insurance Company*, 35 N. Y., p. 131, the court decided that the delivery of a policy without requiring such pre-payment in the policy. This position, too, is strongly countenanced by the Supreme Court of the United States in *Miller v. Life Insurance Company*, 12

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

Wall., 288. The delivery of the policy to the assured is an act utterly inconsistent with a provision in it that it shall have no effect, the premium not having been paid, and being so, upon principle it must be held held to be a waiver of such provision. Of course if the policy was handed to the assured merely to inspect this does not amount in law to a delivery, but if once delivered as a contract, a provision in it that it shall be void till the cash payment is made is by the mere delivery waived. Even if the premium had not been cash, but by the terms of the policy to be paid at a future time with a condition that the policy should be void if such future payments were not promptly made, such provision could be waived by the company, and an adjustment of the liability would be a sufficient waiver. See case of *Eagan v. Ætna Fire and Marine Insurance Company, of Wheeling*, decided at this term, and so would the receipt of the premium subsequently. *Bouton v. America Mutual Life Insurance Company*, 25 Conn., 207 ; *Wing v. Harvey*, 27 Eng., L. & Eq. R., 140; *Buckbee v. U. S. Insurance an. and Trust Company*, 18 Barb., 541. The replications, therefore, offered by the plaintiff were properly received. Before considering the demurrer to evidence, I will consider what acts amount to a waiver of the obligation of the assured to present to the company proof of loss in the form required by the policy as also what acts constitute a waiver of the necessity of a certificate of the notary public in reference to the loss, being produced as required by the policy. The courts have never been strict in requiring a compliance with these provisions in the policy where the company has not born itself with all good faith towards the assured, pending the consideration of the proof of loss. If the company intends to insist on a strict compliance with the provisions of the policy in reference to the preliminary proof, they must so indicate their intention that the insured may not be deceived into a false security. If they wish further information, they should point out in

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Lii
Insurance
Company.

what respect. If they mean to insist on formal defects, they must apprise the assured of the deficiencies, or must put their refusal to pay on that ground, as well as others, so as to give the assured an opportunity to supply the defect. If they base their refusal on special grounds, as that the contract was incomplete, or the assured had no interest, or any other grounds, having no reference to the sufficiency, or insufficiency of the preliminary proof, it is a waiver of their right to object to any deficiency in this particular, or at least it is a matter from which a jury might infer a waiver, part payment would be such waiver. See May on Insurance, p. 573, and the large number of authorities referred to by him.

It remains to consider whether the court erred in finding for the plaintiff on the defendant's demurrer to the evidence. The plaintiff's evidence was sufficient, clearly and admittedly sufficient to establish the defendant's liability to the amount assessed by the jury, according to the laws as laid down above; if his evidence was sufficient to establish either the payment of the premium or a waiver thereof by the defendant, and if the preliminary proof and certificates of the notary public, was sufficient, or were waived by the defendant. I shall, therefore, only consider the evidence bearing on these points. Proof of loss was furnished, and no point in which it was deficient is pointed out, but if it were the evidence establishes clearly facts which amounted to a waiver of such proof, and of the furnishing of the certificate of a notary public, or at any rate facts from which a jury might reasonably infer a waiver, and this is all that is necessary on a demurrer to evidence by the defendant. The letter of W. W. Shriver, the defendant's secretary, to the plaintiff, following, was offered in evidence, the signature to it having been proved by a witness who never saw him write, but had received letters from him in regular course of business, and who thought the letter was in his hand writing, the letter is as follows:

"WHEELING, W. VA., February 13, 1874.

1877.
January Term.

Mason
v.
Citizens' Fire,
Marine and Life
Insurance
Company.

*N. Mason, Esq., Charleston, W. Va.:*

DEAR SIR: Mr. John Bishop on his return to this city, handed us your proof of loss by fire which occurred on the 19th of January last in your place, showing the same to be $1099.45; the policy No. 3047 of this Company under which you had $1000 insurance, provides for other insurance by you—$4000 additional taken elsewhere—leaving this company liable for one-fith of your loss, which amounts to $219.69. You will let us know if you desire the cash payment, and what discount you will allow this company to pay at this time, &c., &c.

Very truly,

W. W. SHRIVER, *Sec'y.*

No complaint of the insufficiency of proof of loss, was ever made. The plaintiff received the above letter shortly after it was written. The plantiff after the policy removed some of the goods to another store, having notified the company of his intention, the goods in the store where they were when the policy issued were destroyed to an extent exceeding the amount of the policy. About the time the policy issued, plaintiff paid the premium to Moore, an insurance agent, not in the defendant's employ, but who procured the policy for plaintiff through one Rodgers, an officer of the Peabody Insurance Company, in Wheeling, where defendant did its business, they having no agent in Charleston. The premium was sent to Rodgers before the fire. The policy was delivered to the plaintiff soon after its date, August 5, 1873. The defendant proves that Rodgers and Bishop told plaintiff shortly after the fire in Charleston, he could only recover one-fifth of the loss, as he had let the policies which were on the property when he insured with the defendant, expire without the consent of the defendant. They were not agents of the defendant, but officers of other Wheeling companies, who had gone to Charleston for their companies. The defendant proves

that Moore, on behalf of plaintiff, applied to Rodgers, secretary of Peabody company, for the insurance, and he procured the policy sued on, from the defendant. He proved that the premium was enclosed by Moore to him in a letter dated January 17, 1874, but mailed January 21, 1874; the fire happened January 19, 1874. Having left for Charleston, Rodgers did not get or open this letter till February 7, 1874, he at once offered this premium to the secretary of the defendant, who at first declined to receive it, but at his solicitation did receive it under protest, and subject to the decision of the directors of the defendant. Moore was not agent of the defendant. He stated he was acquainted with the practice of insurance business in Wheeling, and that no policy was considered binding till the premium was paid. He did not consider a policy binding on either the company or the assured till the premium was paid. The secretary of the company proved that their fire policies were for cash. He delivered the policy which he had issued to plaintiff to Rodgers, who applied for it; had no conversation with him, or understanding about the payment of premium that he remembers; his company declined to pay the loss. On this evidence, I think the court was justified on a demurrer to evidence by the defendant in drawing the conclusion that all informalities in the proof, or from the certificate of the notary, not being furnished, was waived; the letter of the secretary to plaintiff, itself justified this inference. The defendant delivered the policy to Rodgers, who got it for Moore, who was acting for plaintiff. It was evidently delivered, not for examination, or upon any condition that it was not to be delivered to plaintiff till the premium was paid, and upon the principles laid down above, this delivery must be regarded as a waiver of pre-payment of the premium

The judgment of the circuit court must, therefore, be affirmed, and the appellee pay to the appellant his costs in this Court expended, and damages according to law.

