**Geller v. Mogetz**

*A. Harry Ehrgood, Jr.,* and *Ehrgood & Ehrgood,* for plaintiff.

*Allen H. Krause,* for defendant.

GATES, P. J., October 15, 1970.—This is a complaint in equity seeking the dissolution of the partnership, an accounting by the surviving partners and a judgment in favor of plaintiff in the amount due them as reflected by the accounting.

An answer has been filed to the complaint denying that plaintiff is entitled to any money, an accounting or the dissolution of the partnership.

On April 27, 1970, we conducted a hearing and afterwards directed that the record be transcribed and the parties permitted to file requests for findings and conclusions.

Plaintiff's requests were filed August 13, 1970, and defendants' requests were filed on the same date.

### FINDINGS OF FACT

1. Irene Smith, a resident of the City of Lebanon, Lebanon County, Pa. died June 27, 1967.

2. Irene Smith, decedent, left a last will and testament dated January 29, 1963, probated in the office of the Register of Wills, Lebanon County, Pa., July 5, 1967.

3. Letters testamentary were issued to Barbara S. Geller as executrix under said last will and testament on July 5, 1967.

4. Barbara S. Geller is a resident of the City of Lebanon, Lebanon County, Pa., is a daughter of Irene Smith, and is plaintiff in the within action.

5. Defendants, Bernard E. Mogetz and Fredrica L. Mogetz, are husband and wife and reside in the City of Lebanon, Lebanon County, Pa.

6. Fredrica L. Mogetz is a daughter of decedent, Irene Smith, and a sister of plaintiff, Barbara S. Geller.

7. Subject to certain specific bequests, Barbara S. Geller was the residuary beneficiary under the last will and testament of Irene Smith, deceased.

8. Although Fredrica L. Mogetz was a beneficiary in the prior will of her mother, Irene Smith, she was devised no interest in her mother's estate under the terms of the will dated January 29, 1963.

9. On June 18, 1959, effective June 30, 1958, and following the death of Nathan Smith, decedent Irene Smith, as one partner, and Bernard E. Mogetz and Fredrica L. Mogetz, his wife, as the other partner, entered a written partnership agreement to continue the said business of Lebanon Shoulder Strap Co.

10. The said agreement recited the death of Nathan Smith and also the withdrawal from active participation in said business of the said Irene Smith.

11. The said agreement provided for annual compensation as follows: the first $7,000 to partner, Mogetz; the next $14,000 to be divided evenly between partner, Smith and partner, Mogetz; and any additional income to Mogetz.

12. The said agreement provided as follows:

"3. In the event of the death of Irene Smith prior to the death of both Bernard E. Mogetz and Frederica (sic) L. Mogetz, the latter, or the survivor of them, shall have the option within six months of the death of Irene Smith to purchase the entire interests of the

said Irene Smith, in Lebanon Shoulder Strap Co., without regard to the capital interest, accrued income or any other equity of the said Irene Smith, for a sum of money in the amount of $8,000.00, paying the same into the estate of Irene Smith to be distributed as provided by the said Irene Smith in her last will and testament."

13. Under date of December, 1962, an amendment of agreement was entered into between the parties, whereby the foregoing paragraph 3 of the agreement was amended by substituting the specified sum of $1 in place of $8,000.

14. Within a month of the amendment of said agreement, the said Irene Smith redrew her last will and testament so as to make her daughter, Barbara S. Geller, the sole beneficiary and executrix of her estate.

15. The said Barbara S. Geller was advised of, and had knowledge of, these several transactions at or about the time they occurred.

16. Following the death of the said Irene Smith, there developed some controversy between Barbara S. Geller and defendants over an alleged codicil to said last will and testament and over a note executed by Mogetzes to Irene Smith.

17. On September 11, 1967, demands on behalf of plaintiff were made to defendants' attorney for information concerning the business interests of Irene Smith in Lebanon Shoulder Strap Co. in connection with the payments made to her in her lifetime under said agreement, for the purpose of filing income tax returns.

18. Defendants, through their attorney, advised plaintiff that the following payments had been made: 1961, $7,000; 1962, $7,000; 1963, $5,475; 1964, $5,000; 1965, $5,000; 1966, $5,000; and 1967, $4,900.

19. As of six months after the death of Irene Smith, no payment of $1 nor notice of exercise of the option had been made or given.

20. Other than the inquiries concerning the lifetime payments to Irene Smith, no claims of an interest in said business on behalf of the estate were made until February 1968.

21. On March 15, 1968, defendants' counsel sent $1 as specified in said agreement to plaintiff's attorney.

22. The check for $1 has never been returned to defendants nor the cancelled check received.

23. Defendants believed that the $1 called for in said agreement had been paid at the time of the execution of the amended agreement.

24. After the death of Irene Smith, defendants continued to operate said business as their own and continue to do so.

25. Plaintiff at no time has participated or asked to participate in the operation of said business.

26. Irene Smith, from the time of the agreement of June 18, 1959, took no active part in the operation of said business.

27. The agreement, as amended, and the last will and testament of Irene Smith were part of the overall plan of the said Irene Smith for the disposition of her estate.

28. In 1958-1959, the time of the making of the partnership agreement, the business had a book value of $9,000, of which the capital accounts showed the interests as follows: Bernard E. Mogetz, approximately $4,500; Fredrica L. Mogetz, approximately $4,100; and Irene Smith, approximately $3,600.

29. The book value of said business as of December 31, 1969, was approximately $65,000.

30. The average net income from said business in the last three calendar years was $65,000.

31. The fair market value of said business is substantially in excess of the book value.

32. The fair market value of the business is $400,-000.

## DISCUSSION

Equity is that branch of the law which has as its pole star the effectuation of substantial justice between the parties. The equity courts are not bound by strict common-law rules, and they possess broad powers to do substantial justice and will depart from the rigid rule of law whenever it is necessary to accomplish the ends of justice: Weissman v. Weissman, 384 Pa. 480.

With this background, let us examine precisely what this plaintiff is asking us to do.

Plaintiff is suing as executrix under the will of her mother, but, in reality, she is suing in her own right, for she is the sole beneficiary under the terms of the last will of her mother. Neither plaintiff nor her mother took an active part in the operation of defendant partnership for many years. She is asking us to exercise our equitable powers and dissolve a partnership with a fair market value of $400,000, averaging $65,000 net income annually and also asking us to pay over her mother's one-half interest, all because of the failure of her sister and brother-in-law to pay the sum of $1 within six months of their mother's death. It is noted that although the parties were dealing with each other in other aspects of the settlement of the mother's estate, no demand was made for the payment of the nominal sum until after the expiration of the six months provided for in the partnership agreement. Upon learning of this claim, the sum of $1 was paid over to plaintiff, and it has never been returned. While ostensibly seeking relief for the failure to exercise an option within the time specified, in reality

this plaintiff is seeking equitable help to enforce a forfeiture.

Forfeitures have never been favored in equity, and its jurisdiction has been enlisted to grant relief against forfeitures. It has been held that equity abhors either a penalty or a forfeiture which works a loss that is contrary to equity: Blue Ridge Metal Manufacturing Company v. Proctor, 327 Pa. 424; Warfield v. Kelly, 262 Pa. 482; Meig's Appeal, 62 Pa. 28. It has also been held that equity will relieve against a forfeiture arising from a mere default in time when the defaulting party is thrown off his guard by the conduct of his adversary or when the forfeiture is attempted to be used for an inequitable purpose: Duffield v. Hue, 129 Pa. 94; Helme v. The Philadelphia Life Insurance Company, 61 Pa. 107; Lynch v. Versailles Fuel Gas Company, 165 Pa. 518.

Certainly, if equity affords relief against unconscionable forfeitures, it should refuse to give aid in enforcing one, especially where the contract has been substantially carried out: The Oil Creek Railroad Company v. The Atlantic and Great Western Railroad Company, 57 Pa. 65.

The facts in this case compel the conclusion that Irene Smith, mother of plaintiff and defendant, Fredrica L. Mogetz, intended that, upon her death, her interest in the partnership was to go to defendants and that all of her other assets were to go to plaintiff under the terms of the later will which she prepared at or about the time she amended the agreement in December of 1962 substituting the sum of $1 for the original $8,000 consideration. We cannot in good conscience find from these facts that she intended her partnership interest to pass through her estate to plaintiff in the event defendants failed to pay the nominal sum of $1 within six months of her

death. We believe it is plain that Mrs. Smith intended that her interest in the partnership would be her legacy to her daughter and her husband, irrespective of whether the sum of $1 was paid. The $1 was in substitution of a prior sum of money of a substantial amount, and the $1 certainly could have no relationship to the value of her interest in the business at any time in recent years. Neither the amount nor the time within which it was to be paid have any real significance to the agreement. Thus, we must conclude that the failure to pay within the six months without a demand, coupled with the payment promptly upon learning of plaintiff's claim, precludes plaintiff from obtaining the equitable relief she now seeks. Obviously, it was a mere oversight on the part of defendants in not exercising the option by paying $1 within six months.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter.

2. Defendants have substantially performed their undertaking under the agreement dated June 18, 1959 as amended by the agreement dated December, 1962.

3. Defendants are the sole owners of the partnership known as the Lebanon Shoulder Strap Co.

4. Plaintiff is not entitled to the equitable relief requested by her complaint.

## DECREE NISI

And now, to wit, October 15, 1970, plaintiff's complaint is dismissed. This decree shall become absolute 20 days from this date unless exceptions are filed.