# Abraham L. Lynch *v.* Versailles Fuel Gas Company, Appellant.

*Contract—Time essence of contract—Forfeiture—Equity.*

Where time is not stipulated as essential and a forfeiture for nonpayment of money, or other matter that admits of accurate and full compensation, is provided as a mere penalty whose object is to enforce performance of another and principal obligation, equity will relieve against it, and will not permit it to be used for a different and inequitable purpose.

*Time—Lease—Oil lease—Forfeiture—Notice—Estoppel.*

An oil lease stipulated for rent payable for delay in putting down a well. No time was specified for the payment of this rent, and it accordingly fell due by operation of law at the close of each year. The lessee paid the rent for several years without drilling a well. He then began operations, and at large expense succeeded in obtaining oil in paying quantities. The lessor lived on the land, and saw the work going on. When the rent fell due, the lessee by an oversight failed to pay it. Six

days afterwards the lessor notified the contractor to take away the machinery, and on the following day declared his election to forfeit the lease. The lessee expended a considerable sum of money between the time when the rent was due and the time of the attempted forfeiture. There was some evidence that in previous years the rent had not been paid upon the precise day when due, but the evidence was not strong enough to establish a usage between the parties. *Held*, that under the circumstances of the case the lessor was bound to give notice before declaring a forfeiture, and that his action had been neither prompt nor conscionable.

Argued Oct. 31, 1894. Appeal, No. 197, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny County, Nov. T., 1892, No. 547, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Ejectment. Before McCLUNG, J.

At the trial it appeared that, on Aug. 21, 1886, John Lynch executed an oil lease to T. J. Vandergrift covering the land in question. This lease became by sundry assignments vested in defendant. John Lynch died in 1891, having devised the land to plaintiff. The lease provided that if oil was found, Lynch was to get one-eighth; "and should gas be found in sufficient quantities to justify the party of the second part in marketing the same, the consideration in full to the party of the first part, instead of the one-eighth petroleum royalty, shall be three hundred dollars per annum for the gas from each well so long as it shall be sold therefrom." And further, "that the party of the second part shall complete a well on the above described premises within one year from the date hereof, and in case of failure to complete such well within such time, the party of the second part agrees to pay to the party of the first part, for such delay, a yearly rental of one dollar per acre on the premises herein leased, from the time of completing such well as above specified, until such well shall be completed, the said yearly rental, amounting to one hundred and sixty dollars, shall be deposited to the credit of the party of the first part in the People's Bank, McKeesport, or be paid direct to said first party. And a failure to complete such well, or to make such deposit or payment as above mentioned, shall render this lease null and void, and to remain without effect between the parties hereto."

The lessees did not operate the land for several years, but

paid the annual rental each year. On July 2, 1892, defendant began to drill a well, and soon obtained oil in paying quantities. On Aug. 20, 1892, the rent for the year fell due, but by an oversight the lessee failed to pay it. On Aug. 26th, the lessor notified defendant's contractor to remove his machinery from the premises, and on the following day declared his election to forfeit the lease. The lessor lived upon the land, and saw the work as it progressed. There was some evidence that in previous years the rent had not been paid upon the precise day when it was due.

Defendant's points were among others as follows:

" 3. The lessor having stood by and permitted work to be done upon the well, involving the expenditure of quite an amount of money, from the last day of the year until the 27th of August, when notice of his election to claim forfeiture was given, waived his right of forfeiture, and the verdict must be for the defendant." Refused. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was inter alia above instruction, quoting it.

*Edwin W. Smith, Knox & Reed* with him, for appellant.— Under the circumstances of the case, there could be no re-entry or forfeiture without a demand for the rent: Menough's Ap., 5 W. & S. 432; Cogley v. Brown, 11 W. N. 224; Wanamaker v. McCaully, 11 W. N. 450; Duffield v. Hue, 129 Pa. 94.

Plaintiff was estopped from declaring the forfeiture because he had permitted defendant company to proceed with its improvement at considerable cost: Riddle v. Mellon, 147 Pa. 34.

Even if plaintiff had the strict right to declare a forfeiture, the court in this proceeding, with equitable powers, under the circumstances of this case, should not allow the forfeiture: Peebles v. Reading, 8 S. & R. 484; Title & Trust Co. v. Shallcross, 147 Pa. 494; Duke v. Hague, 107 Pa. 66; Remington v. Irwin, 14 Pa. 143; Sylvester v. Born, 132 Pa. 467; Griggs v. Landis, 6 C. E. Green, 501; Hager v. Buck, 44 Vt. 291; 2 Story, Eq. § 1314; Hipwell v. Knight, 4 L. J., N. S., Exch. 52; Ewing v. Gordon, 49 N. H. 444; Wells v. Smith, 7 Paige, ch. 22.

*John D. Shafer, T. C. Jones* with him, for appellee, cited: Ray v. Gas Co., 138 Pa. 587.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

There is a wide distinction even in equity between forfeitures for failure of punctual payment of money where time is of the essence of the contract and where it is not. If parties choose to stipulate for matters as essential, it is not for courts to say they are not so, but in the absence of a clear agreement for materiality courts will look into the nature of the transaction, and be governed by the real bearing of the facts upon the intentions and rights of the parties. Hence it is a settled general rule that where time is not stipulated as essential and a forfeiture for nonpayment of money, or other matter that admits of accurate and full compensation, is provided as a mere penalty whose object is to enforce performance of another and principal obligation, equity will relieve against it, and will not permit it to be used for a different and inequitable purpose. Story, Equity Jur., sec. 1316. In the present case time is not of the essence, for although the nature of oil and gas territory and of contracts affecting them, is such that in general time is essential, yet in the lease in question there is a stipulated rent payable for delay in putting down a well, and no date is expressed for the payment of such rent, it being left to fall due by operation of law at the close of each year. The main purpose of the lease was to have the land tested and developed, and to secure for the lessor the profits of such development. It was his interest therefore to have a producing gas well, for it would immediately nearly double his rental. The appellant paid the rent for several years, postponing the effort to get gas, for reasons not appearing but of which no complaint was made, until July, 1892. It then began drilling, and prosecuted the work in good faith, at a large expense, until it produced gas in paying quantity about the end of August. This as already said was in plaintiff's interest. He lived on the premises and saw the daily progress of the work. On August 20, when the well was near completion, a year's rent fell due, and payment was overlooked by the lessee. On August 26, plaintiff told the contractor to take away his machinery, and on the next day gave formal notice of his election to enforce a forfeiture.

Under the circumstances he could not equitably do so without notice. There was some evidence that in previous years the rent had not been paid or demanded on the precise day, but it was not strong enough to establish a usage between the parties, and therefore a ground of relief, though it adds something to the equity of appellant's case. But if plaintiff intended to insist on punctuality of payment he was bound to ascertain on the very day, whether the rent had been paid or not, and to give notice promptly. A delay of six or seven days it is true would not ordinarily be conclusive and perhaps not even material, but in this case the appellant was in that interval expending on its well, in good faith, and relying on its lease, a sum equal to nearly three years' rent per acre, or a year and a half's rent under a producing well. While making this expenditure under the circumstances the appellant was entitled to prompt notice, and the plaintiff was bound to observe and act upon that right. It was said by our brother WILLIAMS in Thompson v. Christie, 138 Pa. 230 (249), that the party entitled to enforce a forfeiture of this kind must exercise his right promptly, and the result must not be unconscionable. In the present case the action of the plaintiff was neither prompt nor conscionable.

As it is quite clear upon the undisputed facts that a court of equity would have enjoined this forfeiture, the judge should have directed the jury as requested in defendant's third point.

Judgment reversed.