## Bronisz v. Cienkowski, Appellant.

*Landlord and tenant—Notice to quit—Waiver of forfeiture—Ejectment—Discontinuance of proceedings—Distress.*

A landlord may waive the effect of an attempt to terminate the relation of landlord and tenant under notice to quit, and that is undoubtedly true where both parties agree that the tenancy shall be continued.

A clause in a lease permitting a forfeiture is not self-operating and may be waived by the lessor. Thus a landlord may serve notice to quit and enter judgment in ejectment, the tenant con-

tinuing in possession under a claim of right, and subsequently discontinue the proceeding, satisfy the judgment, and distrain for rent in arrears. The relation of landlord and tenant is not terminated under the circumstances.

Argued Oct. 16, 1917. Appeal, No. 107, Oct. T., 1917, by defendants, from judgment of C. P. No. 4, Philadelphia Co., June T., 1916, No. 1468, for plaintiff n. o. v. in case of Ludwik J. Bronisz v. Stanislaus J. Cienkowski, Landlord, and John J. Brady, Constable. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Replevin for goods distrained. Before FINLETTER, J. The opinion of the Superior Court states the facts.

*Error assigned* was in entering judgment for plaintiff n. o. v.

*Fred. S. Drake,* of *Weaver & Drake,* for appellants.

*B. D. Oliensis,* for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:
Plaintiff brought replevin to recover goods distrained for rent.

In February, 1914, defendant, Cienkowski, leased certain premises to one Kupiec for two years. April 10, 1915, the lease was assigned with his written permission to plaintiff. December 8, 1915, he notified plaintiff to quit. February 10, 1916, he notified plaintiff that he had forfeited the leasehold by violating a covenant against subletting. Plaintiff did not remove and February 17th, Cienkowski entered judgment in an amicable action of ejectment. February 23d, plaintiff filed a petition to open the judgment, alleging, inter alia, that he had purchased Kupiec's business and good will, and taken the assignment of the lease under the express understanding with Cienkowski that "not only would the lease be as-

signed to him, but that he would be allowed to remain for at least an additional term of two years, after the expiration of the current term aforesaid." The court opened the judgment and subsequently the landlord discontinued the proceedings and satisfied judgment. Plaintiff remained in possession of the premises, and June 14, 1916, defendants distrained for rent for one month in advance from June 10, 1916.

The court below, after directing a verdict for defendants, entered judgment n. o. v. for plaintiff, because the entry of judgment in ejectment had terminated the relation of landlord and tenant, and plaintiff remaining as a tenant by sufferance, no valid distress could be made.

We do not think the relation of landlord and tenant had been extinguished. A landlord may waive the effect of an attempt to terminate the relation under a notice to quit, and this is undoubtedly true where both parties agree that the tenancy shall be continued: 24 Cyc. 1334. Lessee was in no way disturbed in his possession, and his admissions show that the term under which he remained was a continuation of the term purchased from Kupiec. The clause permitting a forfeiture, not being self-operating, and being for the benefit of the lessor, could be waived by him: Steele v. Maher, 38 Pa. Superior Ct. 183. Especially is this so where the lessee continues in possession under a claim of right, as appears from the record in this case.

The judgment is reversed and the record remitted with direction to enter judgment on the verdict.