# Thomas et al., Appellants, *v.* Boyle.

*Landlord and tenant—Dispossession—Judgment—Rent—Opening judgment.*

1. An order setting aside a writ of habere facias and its return, and ordering a return of the premises to the lessee, will be reversed on appeal, where it appears that an interval of three years intervened after the proceeding to set aside had begun and the case called for argument, that the lease had expired less than two months after the decree was entered, and that plaintiffs were in possession when the appeal was argued.

2. A judgment entered by confession under a lease, is properly opened, where it appears the lessors had made no demand upon the premises for the exact amount of the rent on the day it fell due, as required by the lease, that it was impossible for the lessee to make monthly accountings specified in the lease, because of the incongruous and conflicting terms of the lease, that a course of dealing between the parties had continued for such a time as to make it inequitable for the lessors to forfeit the lease without notice of an intention to do so, and that the judgment had been entered to force an increase of rent.

Submitted September 29, 1919. Appeal, No. 107, Oct. T., 1919, by plaintiffs, from order of C. P. Cambria Co., June T., 1916, No. 139, opening judgment and setting aside writ of possession in case of William R. Thomas, Trustee, and Harry von Lunen Hager et al. v. M. J. Boyle and Nemo Theatre Company, Intervening. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMP· SON and KEPHART, JJ. Reversed in part.

Rules to open judgment and to set aside writ of habere facias possessionem and for restitution.

The court made the rules absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*James A. Graham,* of *Graham & Yost,* and *D. P. Weimer,* for appellant.—A judgment in amicable action of

488     THOMAS et al., Appellants, v. BOYLE.

ejectment will not be opened after delay by defendants for almost three years: Dalzell v. Lewis, 252 Pa. 283; Ashhurst's App., 60 Pa. 290; St. Andrew's Church App., 67 Pa. 512; Phila. Trust Co. v. Phila. & R. C. & I. Co., 139 Pa. 534; Neely's App., 85 Pa. 387; Youse v. McCarthy, 51 Pa. Superior Ct. 306.

Where the forfeiture works equity and is necessary for the protection of the party enforcing it, equity will not give relief against it: Hand v. Suravitz, 148 Pa. 202; Munroe v. Armstrong, 96 Pa. 307; Makin v. Worrell, 1 Del. Co. 339.

The court erred in setting aside service and return of writ of hab. fa. and awarding restitution: Adams v. Leeds Co., 189 Pa. 544; Van Cott v. Webb-Miller, 25 Pa. Superior Ct. 51; Johnson v. Fullerton, 44 Pa. 466.

*Forest & Percy Allen Rose,* for appellee.—The opening of the judgment was proper: Sweitzer v. Crowley, 238 Pa. 282; Stewart v. Stewart, 246 Pa. 344; Boyd v. Kirch, 234 Pa. 432.

The service of writ of habere facias possessionem was irregular and unlawful: Krepps v. Mitchell, 156 Pa. 320.

OPINION BY MR. JUSTICE STEWART, January 5, 1920:

We do not understand it to be disputed that the appellants had a status as legal representatives of the original lessors to begin the proceeding out of which this controversy arises.   By written lease dated 28th September, 1914, the original parties demised to M. J. Boyle for and during the term of five years, beginning on the first day of October following, a certain building situate in the Borough of Johnstown, Cambria County, known as the Nemo Theatre, for a total rental of $26,000, in monthly installments of $433.33 1-3 on the last day of October, 1914, and a like sum on the last day of each and every month thereafter.   By the terms of the lease, in addition to the above rental the lessors

were to receive for the use of said premises seventy-five per cent of the net profits earned by the lessees when not exceeding four thousand dollars annually, and one-half of all net profits exceeding four thousand dollars annually, to be paid monthly on the 10th of each month covering the preceding calendar month's business. The lease contained the usual provisions authorizing the confession of judgment in an amicable action of assumpsit for any amount remaining due and unpaid, and like confession in an amicable action of ejectment for the premises in event of the breach of any of the covenants or agreements therein contained. A year and a half after the lease had been executed the lessors confessed judgment in an amicable action of ejectment against Boyle, declaring in the confession that Boyle had failed to pay the fixed rental after proper demand, and refused to deliver settlements of net profits according to the terms of the lease, and caused forthwith a writ of habere facias possessionem to be issued and executed. Two days after the return of the writ Boyle presented his petition setting forth certain alleged defects and irregularities in the judgment, praying for a rule on the plaintiff to show cause why the judgment should not be opened for purposes of defense. Shortly thereafter, 4th April, 1916, this was followed by a petition of the Nemo Theatre Company alleging that it had succeeded to Boyle's rights under the lease, and had been in possession of the same when dispossessed under the writ of habere facias, and praying for permission to intervene and for rules on the plaintiffs to show cause why the habere facias should not be set aside and restitution ordered. Rules were granted accordingly to which answers were filed. It was not until 23d May, 1919, more than three years after the proceeding had begun, that the case was called for argument. The court entered the following decree: "Now, August 5th, 1919, rule heretofore granted in the premises is made absolute to the extent that the judgment is opened, the service of

the writ, and its return are set aside, and the possession is awarded to the defendants named in these proceedings in so far as they are affected, to wit: Michael J. Boyle and the Nemo Theatre, his assignee." To this decree plaintiffs excepted and have taken the present appeal.

Error assigned is the decree itself—the opening of the judgment and the vacation of the writ of habere facias with an award of possession to defendants. The latter question has been solved by the delay in not having it pressed to an earlier judicial determination. The full term of the lease of the premises expired 5th September, 1919, less than two months after the decree was entered, and the plaintiffs in error are now and have been ever since in possession. Nothing is to be gained by a discussion of the question raised, especially is this so since the award of possession under the order was immediately followed by a supersedeas, and the possession originally awarded to the plaintiffs under the writ was not thereafter interrupted except by the expiration of the term. As to the other question raised,—the opening of the judgment,—the findings by the court furnish ample justification for the decree. These are among the findings—"The confession of judgment was based upon two alleged grounds: first, that of nonpayment of rent; and second, failure to calculate and make settlement of any profits according to the terms of the lease. ......In order to place himself in position to forfeit the lease on account of nonpayment of rent, it was necessary that a demand be made upon the premises for the exact amount of the rent due upon the date it fell due, and nowhere does it positively appear in the testimony that such action was taken......As to the failure of Mr. Boyle to make monthly calculations and settlements, it may be observed that the provisions of the grant or lease covering this matter are incongruous and conflicting, and such a course of dealing had obtained for some length of time, sufficiently long at least to make it unjust and inequitable for the plaintiff to declare a

forfeiture upon this ground without positive notice of intention so to do......In addition to the foregoing observation, it is clear to us that the main purpose for plaintiffs attempting to repossess themselves before the expiration of the lease on this property was selfish in this, that they desired to obtain an increased rental therefrom.  This, taken in conjunction with the foregoing statement of the history of the court, seems to the court to furnish ample grounds to warrant it in granting the relief for which the petitioner prays."   In this conclusion we entirely concur.

To the extent that the decree calls for the opening of the judgment in the amicable action, it is affirmed; in so far as it orders a restitution of the property to the plaintiffs, the judgment is vacated and set aside, the costs in both proceedings to abide the final result upon the opening of the judgment.