## Vasilko v. Bongiorno et al.

*Landlord and tenant — Time of payment of rent—Waiver — Judgment—Subletting.*

1. The right to forfeit a lease and to enter judgment under a warrant therein is waived where the lessor has for a long time accepted the rent at times other than those specified in the lease, without notice of the lessor's intention to fall back upon the terms of the lease.

2. Rent is not payable in advance unless it is so stipulated in the lease.

3. A lease is to be construed in favor of the lessee, and it is only in case of doubt, or where there is some ambiguity in the contract, that the parties' own construction becomes important.

4. A failure on the part of a tenant to observe the covenants of a lease as to subletting without the lessor's consent in writing does not, *ipso facto*, void the lease, but such covenants, being for the lessor's benefit, may be waived.

Rule to open judgment. C. P. Schuylkill Co., Nov. T., 1921, No. 319.

*R. A. Freiler*, for plaintiff; *John F. Whalen*, for defendants.

BERGER, J., Jan. 2, 1922.—This is a rule to open a judgment in an amicable action of ejectment entered upon a warrant of attorney contained in a lease. The breaches of covenant alleged authorizing the entry of judgment are: (1) A failure to pay the rent semi-annually in advance, and (2) a subletting

1 D. & C.

without the written consent of the lessor. The lease is dated March 24, 1919, and by it is demised and let by John Vasilko, the lessor, to Michael Bongiorno, the lessee, "a certain four story brick building, dwelling house and store-room, No. 114 W. Minersville St., Pottsville, Pa. To have and to hold the same unto the second party for the term of ten years, commencing the 1st day of April, A. D. one thousand nine hundred and nineteen. Yielding and paying therefor Thirty ($30) Dollars per month, payable semi-annually the 1st day of April and 1st day of Oct. each year."

The petition to open the judgment alleges that the requirement to pay the rent semi-annually in advance, as well as the provision against subletting without the consent in writing, were waived by the lessor. An examination of the depositions taken in support of the rule clearly establishes that the lessor, since Oct. 1, 1919, accepted the rent for the demised premises otherwise than semi-annually in advance, for on Oct. 27, 1919, he was paid to April 1, 1920; on April 26, 1920, to Oct. 1, 1920; on Nov. 1, 1920, to April 1, 1921, and on April 18, 1921, to Oct. 1, 1921. We also find that the lessee personally mailed to the lessor a check for $180, predated Oct. 24, 1921, for the six months' rent to accrue from Oct. 1, 1921, to April 1, 1922, and though a return address was on the envelope, it was never returned. The letter was mailed in sufficient time to have reached the lessor before the amicable action in ejectment and judgment were entered on Oct. 18, 1921. The presumption, therefore, is that the letter was delivered to the addressee, and this presumption has not been overcome by the evidence, and is substantially admitted by the pleadings under our rules of court. No notice was ever given by the lessor to the lessee that he would fall back upon the specific terms of the lease and require payment of the rent strictly in advance. All the lessor did was to notify the lessee on Oct. 10, 1921, in the presence of Peter Sofsky, that he would take the leased premises from the lessee for non-payment of the rent on Oct. 1, 1921. It is well established that the right to forfeiture and to enter an amicable action in ejectment under a lease is waived where the lessor has for a long time accepted the rent at times other than those specified in the lease, without notice of the lessor's intention to fall back upon the terms of the lease: Crisman v. O'Brien, 17 Dist. R. 443; Rea v. Eagle Transfer Co., 201 Pa. 273, 276; Thomas et al. v. Boyle, 265 Pa. 487, 490.

It must not be overlooked that the lease merely fixes April 1st and Oct. 1st as the days on which the rent is to be paid during the ten-year term, and does not by any express words either fix April 1, 1919, as the date of the first payment or that the rent shall be payable semi-annually in advance. Rent is not payable in advance unless it is so stipulated in the lease: King v. Bosserman, 13 Pa. Superior Ct. 480. And the parties to the lease, as has already been shown, did not act on the assumption that the rent was to be paid strictly in advance. Moreover, a lease is to be construed in favor of the lessee, and it is only in case of doubt, or where there is some ambiguity in the contract, that the parties' own construction becomes important: Lenox Coal Co. v. Duncan-Spangler Coal Co., 265 Pa. 572, 575; Atchison et al. v. United Presbyterian Board of Publication, 266 Pa. 47, 51; American Dressler Tunnel Kilns, Inc., v. Holt, 269 Pa. 293, 297.

The lessee sublet the premises for one year on April 1, 1921, to one Tony Cuzzola, who is the present occupant. The lessor—who says his first knowledge of the subletting was on Oct. 3, 1921—nevertheless, endeavored to collect his rent on Oct. 10, 1921, for the semi-annual period ending April 1, 1922. The lessee testified that the lessor gave his verbal consent to the subletting, and made no complaint when he first learned of it in the month of April, 1921.

Vasilko *v.* Bongiorno et al.

It is well established that a failure on the part of a tenant to keep the covenants of a lease does not, *ipso facto*, void the lease, but such covenants, being for the lessor's benefit, may be waived. See Steele *v.* Maher, 38 Pa. Superior Ct. 183, 194; Bronisz *v.* Cienkowski, 68 Pa. Superior Ct. 524, 526; Fidelity Trust Co. *v.* Kohn, 27 Pa. Superior Ct. 374, 380. In this case the preponderance of the evidence is that the lessor waived the covenant requiring his written consent to the sublease to Cuzzola.

At the argument it was agreed that the amicable action in ejectment and the judgment entered thereon against Cuzzola was unauthorized, and that it should be stricken off. Therefore, we shall so direct. For the reasons hereinabove stated, the rule to open the judgment as to Michael Bongiorno must also be made absolute.

And now, Jan. 2, 1922, amicable action in ejectment and judgment entered thereon against Tony Cuzzola is directed to be stricken from the record. The rule to open the judgment entered against Michael Bongiorno is hereby made absolute.

From M. M. Burke, Shenandoah, Pa.