## Cleveland et al., Appellants, *v.* Salwen et al.

*Landlord and tenant—Lease—Forfeiture—Payment of rent in advance—Furnishing of bond—Waiver.*

1. Where a landlord accepts each month rent as paid, he cannot thereafter declare a forfeiture because the rent was not paid in advance as required by the lease.

2. Where a lease for five years with right of renewal, contains a covenant requiring the production of a bond "should tenants cut doors into adjoining building," and the tenants, with the knowledge of the lessor, cut the doors but do not furnish the bond during the running of the five years, and no demand is made upon them to do so, the lessor, after the termination of the five years, and after the tenants have declared a renewal, cannot forfeit the lease because no bond was furnished; and this is especially so where it appears that the real purpose of the forfeiture was to sell the building.

3. Forfeitures are odious in law, and there must be no cast of management or trickery to entrap a party into a forfeiture.

Argued January 23, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 56, Jan. T., 1928, by plaintiffs, from order of C. P. Lackawanna Co., May T., 1925, No. 488, dismissing exceptions to report of referee, in case of George W. Cleveland et al. v. Isaac Salwen et al. Affirmed.

Rule to open judgment.

The opinion of the Supreme Court states the facts.

Issue framed and submitted to referee.   Exceptions to referee's report in favor of defendants dismissed in opinion by NEWCOMB, P. J.   Plaintiffs appealed:

*Error assigned,* inter alia, was order dismissing exceptions to referee's report, quoting record.

*A. A. Vosburg,* with him *H. W. Mumford,* for appellants.—The cutting through of a doorway in the partition wall between the Cleveland property and the Kaufman property, constituted waste;   and the commission of waste by a tenant, on the demised premises, is, of course, ground for a forfeiture of the lease:   Smith v. Chappell, 25 Pa. Superior Ct. 81;   Lewis v. Jones, 17 Pa. 262;   Jones v. Whitehead, 2 Pars. 304;   Earle v. Arbogast, 180 Pa. 409.

It is well settled that for a breach in the covenants of a lease, and under the provision for the entry of a judgment in ejectment in such case, under a provision such as appears in the lease in the instant case, the entry of such judgment will be sustained:   Pa. Co. v. Shanahan, 10 Pa. Superior Ct. 267;   Scherr v. Seymour, 2 W. N. C. 534;   Gibson v. Vetter, 162 Pa. 26;   Ellis v. Ambler, 11 Pa. Superior Ct. 406;   Singer v. Sheriff, 28 Pa. Superior Ct. 305.

*Leon M. Levy,* with him *R. L. Levy,* for appellees.— Lessor had no right to terminate or forfeit a lease for alleged breach thereof after having accepted rent and otherwise ratified the lease for several years after knowledge of the alleged breach:   Newman v. Rutter, 8 Watts 51;   Swartz v. Bixler, 261 Pa. 282;   Beatty v. Masavage, 15 Pa. Dist. R. 974;   Thomas v. Boyle, 265 Pa. 487.

Lessor has no right to allege as a breach of lease, the action of a tenant which took place not within the

period of the lease, but several months before the beginning of the term of tenancy.

Lessor had no right to forfeit a lease without first notifying the tenant that the course of dealing established between them must be changed, and performance insisted upon of the exact conditions of the lease: Cogley v. Brown, 15 Phila. 162; Norton v. Kramer, 5 Lack. Jur. 86; Beatty v. Masavage, 15 Pa. Dist. R. 975.

OPINION BY MR. JUSTICE FRAZER, March 12, 1928:

Appellants, owners of a store building in the city of Scranton, leased the property to defendants for a term of five years ending March 21, 1925, at a monthly rental of $80, payable in advance, with a renewal clause for an additional term of five years, at a monthly rental of $85. Defendants conducted a business both in this structure and in adjoining premises, known as the Kaufman Building, not owned by plaintiffs. For the purpose of facilitating their commercial operations, lessees desired to connect the two buildings by a doorway through the wall between the two structures. Permission to make the opening was given by the owners of the Kaufman building, and in the lease of the property of plaintiffs, appellants here, was incorporated a covenant as follows: "Should tenants cut doors into adjoining building they will put up a bond for $500.00 conditioned to restore premises to present condition." The opening through the wall was subsequently made and used by lessees. Shortly before the expiration of the five-year term, lessees notified lessors of their intention to renew the lease, under the renewal clause, for an additional five years, and agreeing to pay the increased rent. For answer they received from lessors a notification that renewal would not be granted, for the reason lessees had violated the terms of the lease, "in that you have failed to pay the water rent over $4.00 per quarter, and in other respects." The nature of the alleged breach "in other respects" was not specified. The tenants refused

to vacate at the end of the term, and a judgment in ejectment was entered under the provisions of the lease. Subsequent to entry of the judgment and months after the expiration of the original term of five years, appellants, by leave of court, alleged additional causes for forfeiture, to the effect that lessees had neither paid the rent in advance nor furnished bond for $500 required by the lease in connection with the opening of the doorway between the stores. A rule by defendants to open the judgment was made absolute, and the matter submitted to a referee, who reported in favor of defendants; the court below confirmed the report, and, from the order entered, this appeal is taken.

We can dispose of two of the alleged reasons for the forfeiture of the lease as presented by appellants,—failure to pay rent in advance and nonpayment of water rent,—by forthwith discarding them as furnishing no grounds upon which to base the forfeiture. In fact, they were so disposed of by appellants themselves, when at the hearing before the referee they formally abandoned the claim as to water rent and also wholly undermined the alleged breach of the lease as to nonpayment of rent in advance by their repeated admissions that the rent was regularly accepted by lessors. We accordingly concur in the following finding of the referee, confirmed by the court below: "Under the evidence we believe that there could not be any cause for forfeiture on the latter ground [nonpayment of rent in advance], as the rent was constantly paid prior to the 10th of each month, in advance." However that may be, each month's rent was accepted as paid, and plaintiff by such acceptance relinquished any right of forfeiture on that ground.

There remains the alleged breach of the lease in the failure of defendants to furnish the $500 bond. It will not be denied that a forfeiture could accrue from such failure. But the forfeiture of a lease, such as the one in question here, whereby a well established business

would be disorganized, subjected to an expensive and burdensome removal of goods and fixtures and perhaps a serious loss of patrons and diminution of income, is no light affair; particularly, as in this case, when, through an entire lease-term of five-years, a failure to perform a covenant is known to lessors and continually regarded by them with actual indifference, with no insistence upon performance and with no notice whatever demanding the full observance of the covenant. The rule undoubtedly is that the right to declare a forfeiture must be distinctly reserved; that the proof of the happening of the event on which the right is to be exercised must be clear; that the party entitled to do so must exercise his right promptly; and that the result of enforcing the forfeiture must not be unconscionable: Thompson v. Christie, 138 Pa. 230, 249.

The right to declare a forfeiture is reserved in this lease and yet during the entire term of five years, with lessees in constant possession, and with full knowledge of the fact that the doorway had been cut between the stores and that no bond was forthcoming, lessors at no time made any practical attempt, or gave notice of intention, to exercise the right of forfeiture. The covenant requiring the bond was not a covenant providing for or granting permission for the construction of the passageway through the wall, it was a covenant requiring the production of a bond, "should tenants cut doors into adjoining building," and, as the wording indicates, predicated on an understanding and agreement between the parties previous to execution of the lease. This is made plain by the admission of lessors that they had sometime before, and certainly at the date of the lease, been asked by and given permission to lessees to construct the doorway. This construction was completed shortly after the date of the lease and its existence was personally known to lessors within a few weeks after completion of the work. Yet, to use the words of the referee, in his report, "at no time during the original

term of the lease did plaintiffs give any notice of an intention to forfeit the lease because of failure of the defendants to give the bond, but, on the contrary, continued to treat defendants as tenants under the lease, receiving the rent as stated."

The extent of the extreme and continued indifference of the owners of the property with respect to the bond is shown by the testimony of one of lessors, who was the usual recipient of the rent, who, when asked whether demand had ever been made for the bond, replied: "When it came to my mind I would drop in, or when the rent was due, I might drop in for the check, and would then mention the matter." Beyond this placid and careless interest in the obligation, lessors at no time mentioned the matter, accordingly it would seem the inevitable result was to encourage the tenants in the belief that their landlords did not intend to insist upon a strict compliance with the covenant. Since their dereliction in that respect was of such small consequence to lessors, and inasmuch as there was not forthcoming more than mere amiable reminders of the matter, what further, short of a direct waiver by appellants of the requirement of the bond, could have been done to induce the tenants to treat the matter with the same constant indifference? Lessors themselves thus encouraged the default, and they should not be allowed to take advantage of it. In Helme v. Philadelphia Life Ins. Co., 61 Pa. 107, 110, where defendants declared an insurance policy forfeited for alleged nonpayment of premiums on specified dates, it was said: "If it was the practice of the company to notify the plaintiff of the times her premiums were due and payable, and omitted on the occasion of the default; or if they so dealt with her as to induce a belief that the clause of forfeiture would not be insisted on in her case, in case of dereliction of payment at the day,......and thus put her off her guard, they ought not to be permitted to take advantage

of a default which they may themselves have encouraged."

But there is another important aspect of the present case as denoted by the words of the learned court below in its opinion confirming the referee's report: "The issue turned on the question of lessors' good faith in attempting to escape from the covenant of renewal. That being found against them, the adverse award necessarily followed." The real purpose to obtain a forfeiture is made emphatically manifest by the admission of one lessor that "we talked about selling the place at the expiration of the lease, and thought we could get a better price for it without a tenant in it." Here certainly was no proof of good faith on the part of the property owners in their efforts to oust their tenants: Thomas v. Boyle, 265 Pa. 487. "Forfeitures are odious in law, and are enforced only where there is the clearest evidence that that was what was meant by the stipulation of the parties. There must be no cast of management or trickery to entrap the party into a forfeiture": Helme v. Phila. Life Ins. Co., supra, page 111.

The assignments of error are overruled and the judgment of the court below is affirmed.