**Hughson et al. v. Vogel**

*Gerald A. McNelis*, for plaintiffs.
*Agresti and Agresti*, for defendant.

LAUB, J., May 7, 1947.—We have here a motion to strike off and a petition to open a judgment entered by confession in an amicable action of ejectment.

The motion to strike is based upon an alleged ambiguity in the lease created by contradictory provisions in the printed and typewritten portions. While this, if tenable, might afford a reason for opening the judgment so that a jury might pass upon the intent of the parties, it is no reason why the judgment should be struck from the record. A judgment cannot be struck off unless there is irregularity or invalidity appearing on its face: Nixon v. Nixon, 329 Pa. 256.

The petition to open is responsive to the narr. filed with the judgment and denies its allegations. Seriatim it denies, as alleged in the narr.: (1) That defendant sublet the premises in violation of the lease agreement; (2) that defendant damaged the property thus leased; (3) that plaintiffs gave written notice to defendant requiring her to vacate the premises within 60 days; and (4) that defendant is in default of rent for January 1947. At the argument counsel for plaintiffs withdrew the allegation that the premises were damaged by tenants, and we are not now concerned with that problem.

It is conceded by petitioner that the January rent was not paid January 1, 1947, as required by the lease. However, she excuses her failure by asserting the existence of a custom which permitted later payments. In this regard it was admitted by plaintiffs' agent that the rent paid for the months previous to January had all been paid after the first day of the month except the payment for November. On November 1st the rents for that month and for the month of October were paid simultaneously.

Although forfeitures are odious in law, the indulgence of a lessee by a lessor without more is not a waiver of the right to forfeit, and mere delay to exact money due does not constitute such waiver: Szczepanski v. Filipkowski et al., 20 Erie 272, 273. However, if the landlord's action in declaring a forfeiture is unconscionable, or if, by suffering a breach a number of

times without insistence upon his rights, he induces a belief that he does not in the future intend to insist upon them, he will be precluded from taking advantage of the belief so induced: Whitley v. Hartman, 24 Erie 106. In such a case he would have the privilege of distraint even though forfeiture would be denied him. It is interesting to observe that the Szczepanski case, supra, which permitted forfeiture, was decided on the basis of Blue Ridge Metal M. Co. v. N. Pa. Co., 327 Pa. 424, while the Whitley case, which refused forfeiture, was decided upon the same authority. For our purposes the important pronouncement in the Blue Ridge Metal case is found upon page 428 of the decision, where it was said:

"The relief against forfeitures is a well recognized field of equity jurisdiction, and it has been held many times by this Court that in the proper case where fair dealing and good conscience so require, *equity will intervene to prevent the forfeiture of a lease by a landlord because the tenant has failed promptly to pay the rent in the manner required by the lease*: (Italics supplied.) Westmoreland N. Gas Co. v. DeWitt, 130 Pa. 235; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Steiner v. Marks, 172 Pa. 400; Cleveland v. Salwen, 292 Pa. 427."

There can be no doubt from this that each individual case must stand upon its own peculiar facts. Thus, if the forfeiture be conscionable, equity will not disturb it; otherwise the judgment will be opened.

In the case before us it is established that the landlords are more concerned with obtaining possession of the premises for their own use than with protecting their rights in regard to rent. However, we cannot say that this is improper. The testimony discloses the landlords' inability to secure adequate housing accommodations for themselves and that the same lack of housing facilities is the motivating factor behind the tenant's tenacity in resisting eviction. Under the circumstances

it is natural for the landlords to desire the use of their own premises. Nevertheless we do not regard their motives as ruling. In this case judgment in ejectment was entered on January 4, 1947, after an experience of nine months in which the tenant only once made payment on the day specified in the lease. Under these circumstances the sudden determination by the landlords to insist upon their rights might work material injustice, and the question fairly arises as to whether the landlords have not waived their right of forfeiture.

The evidence reveals a conflict as to whether the tenant, in violation of the lease, has sublet the premises. While a mere conflict in testimony generated by oath against oath will not compel the opening of a judgment (Sferra et al. v. Urling et al., 324 Pa. 344, 346), if serious conflict appears in one element of a case, along with decisive reasons why the judgment should be opened, the court should order an issue to determine inter alia the one created by the conflict.

The warrant in the present lease authorizes the entry of judgment in ejectment for violation of the covenants of the lease or upon its determination. By its terms the lease is for one year. However, the landlord is authorized to terminate it at an earlier date by the service upon the tenant of written notice to vacate the premises within 60 days. The landlord maintains that written notice was received by the tenant on or about December 15, 1946, requiring possession at the expiration of two months. The tenant acknowledges receipt of a letter from the wife plaintiff dated October 6, 1946, in which it is stated: "I received a letter from Mr. Sherwood [plaintiffs' agent] saying you was staying a couple of more months. At present I don't know the exact date I'm coming to Erie. If you want you can leave your things as they are until I come then we can make the necessary arrangements. I don't want to make extra work for you." It will be observed that this cannot be deemed a notice to vacate within 60 days

and, since there is no other notice shown (other than the notice of the area rent director authorizing eviction proceedings, which is not a notice to vacate in any sense of the term) we must conclude that the right of plaintiffs to enter judgment on this score is questionable.

And now, to wit, May 7, 1947, the rule granted January 9, 1947, on the petition to strike off judgment, is discharged, and the rule granted the same day on the petition to open is made absolute and an issue is awarded. The pleadings shall consist in the narr., which shall be considered plaintiffs' complaint, the petition to open, which shall be considered defendant's answer, and the answer to the petition to open, which shall be considered a reply.