## Durdon v. Mateja

*Gerald G. Dolphin,* for plaintiff.
*A. C. F. Kenowski,* for defendant.

HOBAN, J., July 2, 1947.—This is a rule to open judgment entered by amicable action upon a lease containing a confession of judgment in ejectment. No answer was filed to the petition to open judgment; hence the pertinent matters of fact contained therein must be taken as admitted for the purpose of the rule. In addition thereto the parties agreed that the evidence taken at a hearing on a rule for a preliminary injunction in the case of Mary Mateja v. Mary Durdon, defendant, and Joseph Linnen, Sheriff, to no. 11, April term, 1947, in equity, may be considered by this court in determining the present motion as if the same testimony had been taken by way of depositions.

From the petition and the testimony it appears that plaintiff is landlord and defendant tenant under a monthly written lease providing for the payment of rent at the rate of $22 per month on the 15th day of each month, in advance. The judgment in ejectment was entered only after permission to use the process of the State courts had been granted by the Office of Price Administration under the Rent Control Acts, on the theory that defendant was in default for rent for the months commencing January 15 and February 15, 1947. Prior to this time the parties had engaged in a dispute over the amount of rent due, which had been settled by the OPA, requiring the return from plaintiff to defendant of the rental overcharge in the month of December 1946. Further, that during the years of occupancy of the premises by this tenant from 1944 on, rent had never been paid in advance but only at such time each month as plaintiff would come to the premises and collect the rent in person, and that defendant thus was entitled to rely on a custom estab-

lished authorizing the payment of the rent after the date prescribed in the lease without danger of facing forfeiture. This may be a perfectly good defense against a forfeiture. See Cleveland et al. v. Salwen et al., 292 Pa. 427, and our recent discussion of the principles involved in Seamprufe, Inc., etc., v. Dutch Stoker Co. et al., 48 Lack. Jur. 193.

Defendant avers and the testimony seems to confirm the fact that plaintiff failed to call for the rent during January or February, 1947, thus placing defendant at a disadvantage, and immediately thereafter followed a notice from plaintiff's counsel declaring a forfeiture and ordering defendant to vacate the premises, after which defendant complained to the OPA and was there advised to forward immediately the sum of the rent due, which would continue the rent to March 15, 1947, by money order and registered mail. This defendant proceeded to do, but in spite of the fact that money order for rent in full to that time was forwarded and received by plaintiff, nevertheless after the receipt of said rent plaintiff filed the amicable action and entered judgment on the lease and secured a hab. fa. for possession.

The facts as outlined above are not seriously disputed, although plaintiff does contend in her testimony that defendant had habitually sought to delay payment of the rent, put it off with various excuses, and otherwise caused annoyance to plaintiff and other tenants. However, if it can be proved at a trial that defendant was lulled into security by a custom of long standing, it seems to be a good defense against this judgment. Consequently the judgment should be opened and the matter put before a jury.

Counsel for plaintiff seems to be concerned about security for the rent due and payable after March 15, 1947. The pendency of this action is no excuse for delinquency on the part of defendant in paying her rentals, and if defendant defaults again or continues

in default, on proper showing thereof she may be subject to a penalty of having an additional judgment in ejectment entered against her, or suffer such other penalties by way of distress or other procedure which may be provided in the lease. All we are concerned with here is the question of opening a judgment entered by reason of a specific default.

Now, July 2, 1947, the rule to show cause why the judgment heretofore entered should not be opened and the defendant let into a defense is made absolute.