**ARCON DEVELOPMENT CORPORATION,**
Plaintiff,

v.

**UNITED STATES of America and United States Postal Service,**
Defendants.

Civ. A. No. 75–440.

United States District Court,
W. D. Pennsylvania.

March 9, 1976.

Richard J. Audino, Dominik Motto, New Castle, Pa., for plaintiff.

Joel B. Strauss, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge:

This is a civil proceeding involving a lease agreement between the plaintiff,

Arcon Development Corporation, and the defendant, United States of America,[1] with jurisdiction founded in part upon the Tucker Act, 28 U.S.C.A., § 1346(a)(2) which provides in pertinent part:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

.    .    .    .    .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

The Court has conducted a full and complete trial and has considered the briefs and arguments of counsel. Based thereon, it is the considered judgment of the Court that the defendant, United States of America, did not commit a breach of the lease agreement and accordingly, plaintiff is not entitled to any damages or equitable relief prayed for in its complaint.[2]

The facts may be briefly stated. On June 18, 1963, the defendant, United States of America, entered into a twenty year lease agreement with Lynn H. Luxenburg and Elaine J. Luxenburg, who were the owners of the premises described in the lease, which is the subject matter of this lawsuit. The defendant, United States Postal Service, has been in occupancy of these leased premises located in New Castle, Pennsylvania, and has operated then, as now, a vehicle maintenance facility thereon. On July 13, 1970, the Redevelopment Authority of the City of New Castle, which had been the assignee of said lease from Lynn H. Luxenburg and Elaine J. Luxenburg, conveyed title to the leased premises to the plaintiff in this proceeding, Arcon Development Corporation. On August 19, 1970, the plaintiff, Arcon Development Corporation, and the defendant, United States of America, agreed to a modification of the boundaries of the leased premises so that the leased premises would include land not originally contained in the original lease in lieu of land contained in the original lease which was required for the relocation of South Street in the City of New Castle.

Pursuant to the agreement that existed between the parties, a condition of the lease agreement was that the defendant, United States of America, make monthly installments of rental payments, in the amount of $960.00 at the end of each calendar month. It was defendant's failure to tender the rental checks for the months of October, November,

---

1. Throughout the body of this Opinion the Court will refer only to the defendant, United States of America, since the agreement was between said defendant and plaintiff and that the defendant, United States Postal Service, is being sued only in its capacity as an agent of the defendant, United States of America.

2. Subsequent to plaintiff instituting the within action the Court approved the following procedure with respect to the plaintiff's and defendants' rights under the lease agreement:

   On September 25, 1975, the Court approved a motion by the defendant, United States of America, to deposit with the Court, the sum of $10,560.00, being the total sum of the monthly rents for which the lease in the instant suit calls for the months of October, 1974, through August, 1975. The Court, thereafter, upon motion by the defendant, United States of America, approved the deposit with the Court of rental payments each month as they became due. On October 8, 1975, the Court di-

rected the Clerk of Court to purchase the maximum number of United States Treasury Bills, and apply interest accruing therein to the purchase of additional treasury bills and that the said purchase obligation and the balance of the fund and accrued interest be retained in the Registry of the Court until further Order of Court.

   On January 28, 1976, pursuant to a stipulation of the parties, which the Court approved, the Clerk of Court was directed, with respect to the United States Treasury Bills and money on deposit in the Registry of the Court, to liquidate said treasury bills and to pay the plaintiff, Arcon Development Corporation, all monies which have been deposited with the Clerk of Court, including interest earned on said monies deposited. Defendant, United States of America, was directed to make all future rental payments directly to the plaintiff. (The Court's Order of January 28, 1976, was entered without prejudice to plaintiff's claim of forfeiture of the leasehold).

and December of 1974 that caused plaintiff to send, on December 31, 1974, its corporate officer, Russell Margraff, to the leased premises to make a demand for the rent due. When payment was not forthcoming, the plaintiff on January 2, 1975, again through Russell Margraff, declared a forfeiture of the lease for breach of its condition and served the defendant, United States Postal Service, with a Notice to Quit.

The pivotal issue before this Court is whether or not, under all the facts and circumstances, it can be said that the defendant's failure to tender plaintiff the rental checks for the months in question, constituted a material breach of the lease agreement?

It is not in dispute that the plaintiff's office was formerly located at 114 Town Mall, New Castle, Pennsylvania, 16101, and that this was the same address to which the defendant had mailed all of its monthly rental checks under the lease agreement with the plaintiff. It is also not in dispute that on October 29, 1973, plaintiff moved from its offices located at 114 Town Mall, New Castle, to 2656 Wilmington Road, New Castle, Pennsylvania, 16105. Plaintiff filed a change of address form under United States Postal Form 3575 on October 29, 1973, with the New Castle Post Office. This change of address order directed all of plaintiff's mail for a period of one year to be forwarded to the new address listed, which in this case was 2656 Wilmington Road, New Castle, Pennsylvania.

From October of 1973 to October of 1974, the period in which the United States Postal Form 3575 was in effect, the defendant mailed twelve rental payments to the plaintiff, each bearing plaintiff's old address, 114 Town Mall, New Castle, Pennsylvania. In each and every instance, said payments were forwarded to the plaintiff at 2656 Wilmington Road, New Castle, Pennsylvania.

Defendant takes the position that it faithfully and honestly fulfilled all of its obligations under the lease, and that its failure to tender the monthly rental payments during the three months in question was the direct result of plaintiff's failure to inform defendant of the change of address. Moreover, defendant contends that under all the circumstances, its failure to tender the payments in question can only be viewed as a technical and not a material breach of the lease agreement.

The record reveals that from the time plaintiff, Arcon Development Corporation, acquired the leased premises in question, in 1970 until January 2, 1975, the only address furnished by the plaintiff to the contracting officer and/or other representatives of the United States Government specially involved in the leasing of governmental facilities, was the Town Mall address. The record further reveals that defendant, upon learning of the plaintiff's new address, directed a single check in the amount of the three months back rent tendered to the plaintiff. On or about January 6, 1975, the defendant attempted to tender the check and it was refused by the plaintiff. Instead of accepting tender of the check, plaintiff chose to treat the lease as forfeited.

■ Federal, not state, law is applied by the Court in construing the construction and application of government contracts. However, in absence of federal cases in point, state law not inconsistent with federal policy may be applied. *United States v. Franklin National Bank*, 376 F.Supp. 378, (E.D.N.Y.1973).

■ The law in Pennsylvania is well settled that forfeitures are odious in law and that the Court should carefully scrutinize the transaction to make sure that there is no cast of management or trickery to entrap a party into a forfeiture. *Cleveland v. Salwen, et al.*, 292 Pa. 427, 141 A. 155 (1928); *Brown v. Brown*, 164 Pa.Super. 350, 64 A.2d 506 (1948). The Courts have consistently held that forfeitures should be enforced with great hesitancy, especially when the contract has been carried out or its literal fulfillment prevented by an oversight or uncontrollable circumstances. *Lynch v. Versailles*

*Fuel Gas Company*, 165 Pa. 518, 30 A. 984 (1895); *Barraclough, et ux. v. The Atlantic Refining Company*, 230 Pa.Super. 276, 326 A.2d 477 (1975).

In the instant proceeding the record clearly indicates that the defendant's failure to tender the rental payments for the months in question was directly related to plaintiff's failure to notify defendant of its change of address.[3] Plaintiff's filing of a change of address form with the United States Postal Service was for the benefit and convenience of the plaintiff and the United States Postal Service. It did not and could not serve as a notice to the defendant, United States of America, or to any other person, that plaintiff was now located at 2656 Wilmington Road, New Castle, Pennsylvania. Furthermore, plaintiff knew or should have known that the defendant was unaware of its change of address. During the entire year in which the plaintiff had its mail forwarded, twelve checks were received from the defendant all bearing plaintiff's old business address. On December 31, 1974, plaintiff made its first effort to contact defendant regarding the nonpayment of rent for the months of October, November, and December of 1974. Russell Margraff, an officer of the plaintiff corporation, went to the leased premises and demanded from the building the rent due. This Court finds it strange indeed that the plaintiff would endeavor to notify defendants of their failure to adhere to the provisions and terms of the lease agreement by speaking and notifying an inanimate object such as the building on the leased premises.[4]

The record further reflects that as soon as defendant was apprised of plaintiff's change of address, a check was promptly tendered to the plaintiff for the three months back rent. However, plaintiff refused tender of the check.

Under all these circumstances, the Court can only conclude that the plaintiff corporation's course of conduct was geared to take advantage of a situation, created by the plaintiff, that would bring about the cancellation and invalidity of the lease agreement. The Court is of the firm belief that since it was the plaintiff who had created the situation by failing to notify defendant of its change of address, the plaintiff should have notified the defendant when the first monthly rental payment was not forthcoming. The record will speak for itself as to the good faith and promptness in which the defendant responded, after learning of the plaintiff's new address, by tendering a check for the back rent. To permit the lessor to work a forfeiture as a result of the lessees unintentional default that was caused by the plaintiff's own neglect and carelessness, would under all the circumstances be unconscionable. Accordingly, the Court is of the opinion that defendant committed only a technical breach of the lease agreement and that said agreement remains valid and binding on the parties.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 9th day of March, 1976, judgment is hereby entered in favor of the defendants, United States of America, and United States Postal Service, and against the plaintiff, Arcon Development Corporation. Costs are to be paid by the plaintiff.

---

**3.** Defendant's rental checks for the months of October, November, and December of 1974 were all mailed to plaintiff's address at 114 Town Mall, New Castle, Pennsylvania, and in each instance said payments came back to defendant marked "return to sender—not deliverable as addressed." See: C.F.R. 158.2 and 159.1.

**4.** Such was the testimony by the witness Margraff in response to questioning by this member of the Court.