**202 MARKETPLACE, Plaintiff,**

v.

**EVANS PRODUCTS CO., Defendant.**

**EVANS PRODUCTS COMPANY, Counterclaim-Plaintiff,**

v.

**William J. HEALEY, Robert T. Healey and 202 Marketplace Corp., trading as 202 Marketplace, Counterclaim-Defendants.**

Civ. A. No. 82–4620.

United States District Court,
E.D. Pennsylvania.

Sept. 19, 1984.

**1134**

■

Albert Sardella, West Chester, Pa., for plaintiff.

George Lieberman, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

JOSEPH S. LORD, III, Senior District Judge.

In Count I of its complaint, plaintiff landlord, 202 Marketplace, alleges that defendant tenant, Evans Products Company, surrendered a thirty year leasehold interest by orally notifying plaintiff of its intention not to exercise its right to renew their lease for a second five year term.

In Count II of its complaint, plaintiff alleges that it has the right to terminate the lease because defendant defaulted in its covenants under the lease by (a) failing to maintain the exterior of the premises; (b) using areas of the premises which it was not permitted to use under the lease; (c) permitting trash and debris to accumulate in areas where they are not permitted; and (d) advertising on the exterior portion of the store.

### Count I

In its motion for summary judgment as to Count I, defendant advances three independent reasons why plaintiff's claim must fail: (1) the statute of frauds requires that a surrender of a leasehold interest greater than three years be in writing; (2) the alleged oral statement by defendant's employee did not constitute adequate notice of termination and surrender under Pennsylvania law; and (3) the employee who allegedly made the oral statement was not authorized to terminate the lease or give notice of defendant's alleged surrender of its leasehold interest.

Because the statute of frauds argument is sufficient for defendant to prevail on its motion for summary judgment as to Count I, I will not consider the merits of its other arguments. Plaintiff's motion in limine, which argues that the statute of frauds is inapplicable in this case, is simply the counterargument to defendant's arguments concerning the statute of frauds. Since I accept defendant's arguments, I will reject plaintiff's.

The lease between the parties was for a period of five years and further provided that defendant tenant was entitled to six successive renewals, each for a term of five years. App. 25a. According to the lease, silence on the part of the defendant was sufficient to exercise its option to renew. *Id.*

■ The statute of frauds bars plaintiff's claim that defendant's oral notification was sufficient to terminate the lease. 68 Pa.S.A. § 250.203 provides as follows:

No lease of any real property made or created for a term of more than three years shall be assigned, granted or *surrendered* except in writing signed by the party assigning, granting or surrendering the same or his agent, unless such assigning, granting or *surrendering* shall result from operation of law. (Emphasis added).

Plaintiff relies solely on the case of *McClelland v. Rush*, 150 Pa. 57, 24 A. 354 (1892), to support its contention that the statute of frauds is inapplicable to this case. In *McClelland*, the landlord conveyed property to a tenant for a term of five years and, at the tenant's sole option, for a second five year term. The lease required the tenant to give the landlord written notice if it chose to accept the second five year term. Although the tenant did not give the required written notice, the tenant claimed that it had orally notified the landlord that it accepted the second five year term. The tenant and two additional witnesses testified that such oral notice was given and that the landlord had acknowledged it and informed the tenant that no further notice was necessary. 150 Pa. at 61–63, 24 A. 354.

The Pennsylvania Supreme Court rejected the argument that the statute of frauds

prevented the oral notice from being effective. The court held that the statute of frauds did not apply because the landlords, by conveying the five year option in the written lease, "were bound to accept the enlarged tenancy upon the same terms already provided by the existing lease, and, as to them, nothing was to be done on their part for the creation of the full term of ten years." 150 Pa. at 61, 24 A. 354. Because the parties creating the interest, the landlords, had signed a document reflecting their unqualified intention to create and convey a property interest, the purpose of the statute of frauds was satisfied; there was written evidence that the landlords had in fact created the property interest. The court analyzed the case in terms of contract law. Although the terms of the lease required written notice of the tenant's decision to exercise its option to extend the lease, the court held that, under contract law, the landlords may have waived their right to enforce the lease requirement of written notice by assuring the tenant that oral notice was sufficient.

*McClelland*, however, is inapposite to this case. Whereas the tenant in *McClelland* reserved the right to notify the landlords of its renewal of its lease, the tenant defendant in the present case reserved the right to surrender its leasehold interest. This distinction is crucial.

"Where the extended term of the lease is fixed by and is a part of the original written lease and comes into existence merely by the lessee exercising his option and giving the required notice, no question as to the statute of frauds arises.... The holding for the extended term is under the original lease, and not under the notice, and hence the statute does not apply to the notice." 37 Corpus Juris Secundum § 113. But "a surrender, cancellation, or recision, or agreement to surrender, cancel, or rescind, a lease is required to be in writing under the statute of frauds...." 37 Corpus Juris Secundum § 114.

Pennsylvania law is clearly in accord with this analysis. Pennsylvania's statute of frauds expressly applies to the assigning, granting or surrendering of a leasehold interest, not to the mere renewal of a leasehold interest. 68 Pa.S.A. § 250.203. *Shafer v. Cascio et al.*, which dealt with the statutory precursor to § 250.203, also held that under the statute of frauds the surrender of a leasehold interest must be in writing. 288 Pa. 56, 64, 135 A. 639, 642 (1927). Thus plaintiff's reliance on *McClelland*, a notice of renewal case, is clearly misplaced.

Finally, the conclusion that plaintiff's claim is barred by the statute of frauds is supported by a well established public policy. The surrender of a substantial property interest is precisely the type of interest the statute of frauds was designed to protect. A decision in this case that the statute of frauds does not apply would substantially affect the relationship between landlords and tenants. Landlords who wish to vacate leased premises, find new tenants, or simply increase rents, could simply claim that their present tenants orally surrendered their premises. The statute of frauds, in order to protect tenants from the all too easy claim of an oral surrender of a substantial property interest, requires a landlord to come forward with a signed writing clearly evincing the intention of a tenant to surrender its leasehold interest.

Therefore, defendant's motion for summary judgment as to Count I will be granted and plaintiff's motion in limine will be denied.

## II. Count II

■ In Count II of the complaint plaintiff alleges that it has the right to terminate the lease because defendant defaulted in certain of its covenants under the lease. Generally, a tenant's breach of a lease will give rise only to an action to recover damages; it will not be grounds for termination of the lease. When a lease provides for forfeiture or termination upon a tenant's breach, however, such forfeiture clause will be upheld. Before a landlord may declare a forfeiture of a lease, however, it must prove the existence of each of the

following four criteria: (1) that the right to declare a forfeiture was distinctly reserved; (2) that the proof of the happening of the event upon which the right is to be exercised is clear; (3) that the party entitled to do so exercised his right promptly; and (4) that the result of enforcing the forfeiture is not unconscionable. *Cleveland v. Salwen,* 292 Pa. 427, 431, 141 A. 155, 156 (1928).

The right to declare a forfeiture was clearly reserved in the lease at issue. Paragraph 9 of the lease provides, in relevant part, that "if tenant shall default in any of the covenants herein contained, and should such default continue for thirty days after receipt by tenant of written notice thereof, it shall be lawful for landlord to re-enter the demised premises and again have and enjoy the same." App. 30a.

In order to be successful in its motion for summary judgment concerning Count II, defendant tenant must show that there are no genuine issues of material fact which would preclude entry of judgment in its favor as a matter of law. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981).

The defendant has failed to meet this heavy burden. As to each of the allegations in Count II, plaintiff has presented probative evidence that the defendant defaulted in a covenant under the lease, received written notice thereof and remained in default thirty days after receiving such notice.

Although the meaning of the lease is not beyond dispute, it is certainly susceptible to being interpreted as prohibiting advertising by the defendant, App. 31a, and as requiring the defendant to keep areas surrounding the demised premises unobstructed and free of debris. App. 25a. Since the intendment of the lease is not clear, the resolution of the ambiguity is for the factfinder.

On August 17, 1982, the defendant received written notice from the plaintiff concerning all of the allegations in Count II of plaintiff's complaint. App. 133a. The letter informed the defendant that the plaintiff considered the defendant's behavior to be in violation of its covenants under the lease. *Id.* The plaintiff has also produced probative evidence that thirty days after receiving notice the defendant was still violating its alleged covenants under the lease. App. 75a, 147a, 473a–475a.

Although the defendant claims that painting its store with orange and white stripes does not constitute advertising, and that it always met its responsibilities under the lease when notified by the plaintiff that its activities were in any sense deficient, these and other arguments advanced by the defendant remain issues of material fact properly resolved by a jury and unsuitable for resolution in a motion for summary judgment.

Defendant's motion for summary judgment is denied as to Count II of plaintiff's complaint.